HaTiX>, Judge,
 

 after stating the case proceeded:
 

 It must be admitted, that
 
 Robert Neal
 
 and
 
 Henry Meal
 
 have been in possession of the land from the year 1772 until year 1826, under a valid title from the three sisters of
 
 Ann Cloud,,
 
 and perhaps a color of title from
 
 Ann Cloud
 
 herself. But it does not follow, that their possession has been adverse to
 
 Ann Cloud
 
 since her discoverture.
 

 All the title
 
 Daniel Cloud
 
 had in the land, and no more, was by him conveyed to
 
 Robert Meal;
 
 the residue of the estate was in
 
 Ann,
 
 his wife, her deed being inoperative on account of her coverture and infancy. Admitting that deed to be color of title, nothing passed thereby. It could only
 
 as colour of title
 
 give efficacy to an
 
 adverse
 
 possession of seven years. It is therefore all-important to ascertain, whether in tills case there has been a possession adverse to the title of the lessor of the plaintiff.
 

 
 *326
 
 The possession of one tenant in common is the possession of the other.
 

 When
 
 Daniel Cloud
 
 «lied, how did the rights of the parties stand ?
 
 Henry Neal
 
 was in possession of the land, and had title
 
 to three fourths
 
 of it, claiming from
 
 Jinn Cloud's
 
 three sisters.
 
 Jinn Cloud
 
 had title to one fourth of it, but was not in actual possession. She and
 
 Henry Neal
 
 then, were tenants in common ; therefore his possession was her possession. I need not cite authorities to show, that the possession of one tenant in common is the possession of the other. It is for that reason, that the judges have had recourse to ousters by presumption, as in the case of
 
 Fishar
 
 v.
 
 Prosser (Cowp.
 
 217). There the statute of limitation would have been a
 
 bar;
 
 but
 
 Lord Mansfield
 
 considered the possession of one tenant in common to bo the possession of the other, and therefore the statute of limitation did not run. But as there had been a possession of thirty six years, he said an ouster might be presumed from that length of time, and that the statute would run upon a presumed ouster, although in point of fact, it was admitted that no ouster had evcT happened.
 

 It is a question on which the profession has been much divided, whether
 
 an
 
 actual adverse possession
 
 for
 
 seven years, unattended by color of title, was not a bar. That question does not now arise. But it will simplify the the case, to consider it unincumbered by a color of title, merely upon the defendant’s possession
 
 ;
 
 because it is the possession, and not the color of title, which grows and ripens into a good title. Then upon the death of
 
 Daniel Cloud,
 
 tire deed as to his wife being a nullity, she had a right of entry, because she hail a right of entry in the year 1771, which was preserved by her intermediate coverture.
 
 (Zouch
 
 v.
 
 Parsons,
 
 3
 
 Burr.
 
 1805.) Upon the death of her husband in 1812, she was entitled to one fourth part of the land, as • one of the heirs at law of her brother
 
 James. Henry Neal
 
 was at the same time, entitled to three fourths of the land, claiming under the other heirs of
 
 James.
 
 It follows that
 
 Henry Neal
 
 and
 
 Jinn Cloud
 
 were, in 1812, tenants in common of the land in question, and that
 
 Henry Neal,
 
 as such tenant, remained in po ssession from that time, un
 
 *327
 
 til the year 1826. I think no doubt can be entertained, that his possession was the possession of
 
 Jinn Cloud.
 
 Of " . course, it was not
 
 adverse
 
 to her claim ; and as it was not adverse, it is not a bar, even admitting the deed executed by her to be color of title. Therefore, although there has been color of title, and a possession of more than seven years in JV*eai, and those claiming under him, as that possession was not adverse, the plaintiff’s title is not barred. I think that the case is not affected by the conveyances made by
 
 Henry Neal;
 
 possession did not follow them.
 

 Per Curiam. — Judgment reversed.