DOE *ex dem.* J. S. LINKER *vs.* MARTHA BENSON.

Where, in an action of ejectment, the plaintiff's lessor claimed title under a deed which was in the possession of the defendant, who asserted a right to it by virtue of an endorsement upon it; *Held*, that the Court had the power to order the production of the deed, for inspection, or other legitimate purpose, but not to order the registration of the deed, before the question of the right of the defendant to some equity by virtue of endorsement was tried and decided against him.

*It seems*, that a Probate Judge has no means of knowing whether a deed presented for registration is rightfully in the possession of one offering it for probate; and a Judge of a Court of law has no power to cancel a registration once made, but must give it its legal effect.

Where a tenant in common of land had been in the sole reception of the profits for more than seven years, yet, without evidence to the contrary, it will be presumed that his original entry was permissive, and under an assertion of his own claim, and that of his co-tenant; and no subsequent claim to the whole could make his possession adverse, without proof of *actual ouster*.

[*Halford* v. *Tetherow*, 2 Jones 393, and *Koonce* v. *Perry*, 8 Jon. 58, cited and approved.]

EJECTMENT, commenced by service of the declaration April 4th, 1860, and tried before *Logan, J.*, at Fall Term, 1871, of the Superior Court of CABARRUS, upon the plea of General Issue.

It was admitted that both parties claimed under one W. F. Taylor, who had title, and that the defendant, Martha Benson, was in possession under the title of said Taylor, claiming the entire property as his heir-at-law.

Linker, the lessor of the plaintiff, offered in evidence a deed dated November 6th, 1852, purporting to have been duly registered, made by said Taylor to Linker, for *one-half* the land described in the declaration. It was admitted that the deed was registered under the following circumstances: The deed was in the possession of the defendant, and claimed as her

property, by virtue of an endorsement, signed by Linker, in these words: "I transfer the within deed to W. F. Taylor again. May 11th, 1853." This deed was demanded by the plaintiff during the pendency of the suit, and the defendant refused to surrender the same. At Spring Term, 1868, his Honor, Judge Mitchell, ordered its production under a rule of Court, and it was produced and filed by the Clerk among the papers in the cause. The said deed was afterwards recorded and registered.

The defendant objected to the admission of the deed in evidence, on the ground that the Court had no power, by rule, to require its production by the defendant, nor to order it to be recorded and registered. The Court admitted the evidence, and the defendant excepted.

The plaintiff having closed his case, the defendant asked the Court to charge, that the plaintiff was not entitled to recover;

1st. Because no ouster or demand had been proved, as was necessary in case of a tenancy in common.

2d. Because the defendant, and those under whom she claimed, having been in undisturbed possession of the premises for seven years and five months, from the date of the deed to the commencement of the action, the plaintiff was bound by the Statute of Limitation.

His Honor refused so to charge, but instructed the jury that the plaintiff was entitled to recover. A verdict was rendered accordingly.

Rule for a new trial discharged; Judgment for plaintiff and appeal by the defendant.

When this case was before this Court before (64 N. C. 296) it was held, that the endorsement on the deed, above quoted, had not the effect to re-convey the title from Linker to Taylor.

*J. H. Wilson,* for the plaintiff.
*R. Barringer* and *Bailey,* for the defendant.

RODMAN, J. Taylor originally owned the whole of the land. He conveyed an undivided half of it to the plaintiff, who afterwards, and without having registered the deed, returned it to him with an endorsement, signed by plaintiff, to the effect that he transferred the deed back to Taylor. The effect of this endorsement was passed on by this Court in *Linker* v. *Long,* 64 N. C. 296, and it need not be noticed here. The defendant afterwards became entitled to the other half of the land as the heir of Taylor, and came into possession of the deed to Linker.

1. The defendant contends, that the deed should not have been allowed in evidence, because the Judge wrongfully compelled its production by the defendant, in order that it might be registered ; and because, further, the registration, not having been made at the instance of the rightful owner, was irregular, and cannot benefit the party claiming under it. The Revised Code, Ch. 31, S. 80, gives to Courts of law the same power to compel the production of writings which Courts of Equity had. To the extent of ordering the production of the deed, for inspection or any other legitimate use, there can be no question of the power of the Judge. And to that extent it was rightfully exercised here, for the writing in question was a document of the plaintiff's title. The terms of the Judge's order do not go further than this. It does not appear that he ever allowed the deed to be taken out of the possession of the Clerk for probate and registration. Such an order would have been beyond his jurisdiction. A Court of Equity would not have ordered the probate and registration of the deed, without previously deciding that the endorsement on it created no equity in the defendant to prevent such an order. But this decision the Judge of the Court of law was unable to make ; and to have decided that the plaintiff was entitled to have possession of the deed, for the purpose of probate, would have been to decide by anticipation, and without trial,

on the equitable rights of the defendant. 3 *Dan. Ch. Pr.* 2049, citing *Lingen* v. *Simpson,* from 6 Mad. 290.

2. The next question is, can the plaintiff take advantage of a probate and registration obtained through wrongful possession? The question is necessarily a general one, and cannot be confined to the circumstances of this case. And so considering it, it occurs to us that a Probate Judge has no means of knowing whether a person presenting a deed for probate is rightfully in possession of it or not, and a Judge of a Court of law has no power of cancelling a registration once made, and he is obliged to give it its legal result. It seems to be a case where the rule applies, "*Fieri non debet sed factum valet.*" Moreover, it does not appear at whose instance the deed was offered for probate. It may have been by the defendant. The objection on this ground is untenable.

3. The defendant also contends, that the deed was not so proved as to be admissible in evidence, on its probate and registration merely, but that additional evidence was required on the trial. It is not necessary to decide this question, and we express no opinion on it.

4. The defendant contends, that being a tenant in common, the plaintiff cannot recover without an admission of an ouster, by the consent rule, or proof of an actual ouster. This is admitted. And on the authority of *Halford* v. *Tetherow,* 2 Jones 393, it is also admitted that, as the defendant was allowed to plead without actually entering into any consent rule, it will be presumed that he entered into a special rule and admitted lease and entry only, and not ouster. The question, then, is, Was there evidence of an actual ouster before the commencement of the action? For, of course, the defence to the plaintiff's action can have no prior relation.

In this case the defendant had been in the sole possession for seven years and five months, and when the action was brought was in the sole possession, claiming the whole. What is an actual ouster, has been discussed since the time of Lyttleton.

He says, "If one tenant in common occupy all, and put the other out of · possession, it is ejectment." Upon this, Lord Coke says, "The reception of the whole profits is no ejectment. But if the tenant in possession drive out of the land any of the cattle of the other tenant, or not suffer him to enter or occupy the land, this is an ejectment." Co. Lit. 199, b., 1 Thomas Coke 906. In Reading's case 1 Salk, 392. One tenant in common may disseize the other; but it must be by actual dis-seizure, as turning him out, hindering him to enter, &c. But a bare perception of profits is not enough." In Doe *dem. Hellings* v. *Bird*, 11 East. 50, *per curiam*, "One tenant in common in possession, claiming the whole, and denying pos-session to the other, is beyond the mere act of receiving the whole rent, which is equivocal. This was certainly evidence of an ouster of his companion." In that case there was a de-mand and refusal. In Doe *ex dem. Fisher* v. *Proper*, 1 Cowp. 217, the question came before Lord Mansfield, who brought to it his usual freedom in putting a case on its reason. He says, "So in the case of tenants in common; the possession of one tenant in common, *eo nomine*, as tenant in common, can never bar his companion; because such possession is not adverse to the right of his companion, but in support of their common title, and by paying him his share he acknowledges him co-tenant. Nor, indeed, is a refusal to pay, of itself, sufficient, without denying his title. But if, upon demand by the co-tenant of his moiety, the other denies to pay, and denies his title, saying he claims the whole and will not pay, and continues in possession, such possession is ouster enough."

It will be seen that none of these cases are precisely in point with the present.

In the absence of direct authority, we turn to analogies, and we find this decided : That where a bailee is put in possession of personal property, he cannot change the nature of his pos-session by any mere words claiming the whole. He must do

some *act*, as a refusal upon demand, or the like, before his possession becomes adverse. *Koonce* v. *Perry*, 8 Jones 58.

To apply the analogy: In this case, the defendant was in the sole reception of the profits for upwards of seven years; but her original entry must be understood to have been permissive, and under the assertion of her own claim and that of her co-tenant. There is no evidence that it was otherwise. In such case no mere subsequent claim of hers to the whole could make her possession adverse. It required some *act*. We think, therefore, the possession of the defendant, at the time the action was brought, was not adverse, and consequently the action will not lie. This renders it unnecessary to consider any question supposed to arise out of the statute of limitations.

If the possession was not adverse from the beginning of the defendant's possession, there is no room for the statute under any interpretation.

PER CURIAM.—Judgment reversed; and judgment here for defendant.