## J. L. CALDWELL v. J. S. NEELY.

*Evidence—Boundary—Estoppel—Tenants in Common—Adverse Possession—Ouster.*

1. Hearsay evidence of a deceased person relative to a question of boundary is only admissible when the person whose declaration is offered in evidence was disinterested at the time of making it.

2. When the adverse parties to an action involving the title to land derive their claims from the same person, neither is at liberty to dispute that person's title, or to assert a superior and better title in another, unless he has acquired that title, or, in some way. connects himself with the true owner.

3. The ouster of one tenant in common by another will not be presumed from an exclusive use of the common property and appropriation of its profits to himself for a less period than twenty years; and the result is not changed when one enters to whom a tenant in common has, by deed, attempted to convey the entire tract.

(*Sasser* v. *Herring,* 3 Dev., 340; *Hedrick* v. *Gobble,* 63 N. C., 48; *Copeland* v. *Sauls,* 1 Jones, 70; *Johnson* v. *Watts, Ibid.,* 228; *Feimster* v. *McRorie, Ibid.,* 547; *Barwick* v. *Wood,* 3 Jones, 306; *Brown* v. *Smith,* 8 Jones, 331; *Cloud* v. *Webb,* 3 Dev., 317, and 4 Dev., 290; *Covington* v. *Stewart,* 77 N. C., 148; *Neely* v. *Neely,* 79 N. C., 478; *Day* v. *Howard,* 73 N. C., 1; *Burton* v. *Murphy,* Term Rep., 259, cited, commented on and approved.)

CIVIL ACTION to recover Land tried at Fall Term, 1878, of MECKLENBURG Superior Court, before *Schenck, J.*

The facts appear in the opinion. The question before the jury was, whether thirty years adverse possession was proved so as to take the title out of the state, and the court charged if the jury were satisfied of this, they should find for the plaintiff; and declined to charge that both parties claimed under James Neely, and that therefore the defendant could not deny the plaintiff's right to recover the one-half as tenant by the courtesy of his wife's interest. There was a verdict for defendant, judgment, appeal by plaintiff.

*Messrs. Jones & Johnston* and *A. Burwell,* for plaintiff.
*Messrs. Wilson & Son* and *Shipp & Bailey,* for defendant.

SMITH, C. J. The plaintiff claims an estate for his own life in an undivided moiety of the lands described in his complaint, held by himself and the defendant as tenants in common. He derives title under one John Neely, who died intestate leaving an only child, James Neely, to whom, as his heir-at-law, the same descended. James Neely also died intestate, in the year 1834, leaving two daughters, one of whom married the plaintiff, had issue, and died. The other daughter married one R. B. Caldwell, and they by deed, in the year 1856, undertook to convey the whole tract and a full estate therein to the defendant. The defendant has been in possession since that date, and claims to be absolute owner.

To show title in John Neely, the plaintiff relied on his possession of thirty years, and to determine the boundaries up to which the possession extended, offered in evidence certain declarations of his deceased wife, made soon after their marriage, in which she pointed out a certain hickory and stone corner as the boundaries of her father's land. The declarations were not received, because they proceeded

from a party then interested in and claiming the lands ; and this ruling is fully warranted by the cases of *Sasser* v. *Herring*, 3 Dev. 340, and *Hedrick* v. *Gobble*, 63 N. C. 48.   In the latter, it was proposed to prove by the son that his deceased father under whom he claimed, " while in possession showed him certain marked lines as the boundary lines of the tract," and the court say :   " An exception to the general rule is that in regard to boundary, hearsay evidence of a deceased person is admissible, but the person whose declaration is offered in evidence *must have been disinterested at the time* he made the declaration."

2.   Another exception taken by the plaintiff is to the refusal of the court to charge the jury that, both parties to the action claiming under James Neely; the defendant, is not allowed to deny the descent from him to the daughters, from one of whom the plaintiff, and from the other, the defendant deduces title to a moiety of the land.   While it is not expressly so stated, we must infer that such instruction was asked from the fact that " the court declined" so to charge, and hence the exception is presented in the appeal.   We think if the land was identified, the estoppel did ascend beyond the conveyance to the defendant, to the source from which the *feme* bargainor derived her estate, the ancestor of the sisters and the common origin of both estates.   It was not necessary to pursue the inquiry as to title beyond James Neely, and we see no reason why it should be arrested at an intermediate point.   When the adversary parties to an action for the recovery of real estate derive their claims from one and the same person, neither is at liberty to dispute his title or to assert a superior and better title in another, unless he has acquired that title, or in some way connects himself with the true owner.   *Copeland* v. *Sauls*, 1 Jones, 70 ; *Johnson* v. *Watts, Ibid.*, 228 ; *Feimster* v. *McRorie, Ibid.*, 547 ; *Barwick* v. *Wood*, 3 Jones, 306 ; *Brown* v. *Smith*, 8 Jones, 331.

It is equally well settled that the ouster of one tenant in common of land by a co-tenant will not be presumed from an exclusive use of the common property and appropriation of its profits to himself for a less period than twenty years. *Cloud* v. *Webb*, 3 Dev., 317, reaffirmed on second appeal, 4 Dev., 290; *Covington* v. *Stewart*, 77 N. C., 148; *Neely* v. *Neely*, 79 N. C., 478.

The result is not changed when one enters, to whom a tenant in common has by deed attempted to convey the entire tract. The principle and reason for it are thus forcibly stated by PEARSON, C. J.: "If a tenant in common convey to a third person, the purchaser occupies the relation of a tenant in common, although *the deed purports to pass the whole tract* and he takes possession of the whole; for in contemplation of law his possession conforms to his *true* and not to his *pretended* title. He holds possession for his co-tenant and is not exposed to an action by reason of his making claim to the whole and having a purpose to exclude his fellow." *Day* v. *Howard*, 73 N. C., 1. The contrary doctrine had been declared in *Burton* v. *Murphy*, Term Rep. 259, and its correctness successfully assailed in the argument delivered in *Cloud* v. *Webb, supra,* when first before the court, of which the Chief Justice in the opinion in *Day* v. *Howard* thus speaks: "In *Cloud* v. *Webb*, the effect of a tenancy in common is discussed by the late Patrick Winston, with so much ability and learning, and the subject is so clearly set out, as to make it superfluous to say any thing more; and I prefer giving him the credit of having disposed of the subject, rather than to attempt to make a rehash of it by borrowing his reflections and learning upon so abstruse a subject. The decision following the line of Mr. Winston's argument, declares that the estate of a tenant in common is not defeated by the fact that the co-tenants had conveyed their shares, and the grantees and those claiming under them had held possession of the whole, claiming to be en-

titled to the whole, and having exclusive possession, receiving rents and profits without claim or interruption from their co-tenant."

If then the tract whereof the ancestors, John and James Neely, had successive possession is ascertained upon the evidence to be the same mentioned in the complaint, the estoppel would apply unless the defendant has a paramount title derived from some other source, and the court should have so instructed the jury.

There is error, and a new trial is awarded. This will be certified, &c.

Error.                                        *Venire de novo.*