GEORGE E. GILL ET ALS. v. MAE HINSON PORTER ET ALS.

(Filed 20 November, 1918.)

1. **Limitation of Actions—Tenants in Common—Deeds and Conveyances—Adverse Possession.**

Where the grantee of a tenant in common of the entire tract of lands enters into possession of the whole thereof, the statute of limitations begins to run against all of the tenants in common, or their grantees, from that time; and the position that such grantee acquired only the undivided interest of his grantor in the commonable land is untenable, being contrary to the express terms of the conveyance and the character of the possession held thereunder.

2. **Same—Judgments—Estoppel—Parties—Privies—Evidence—Declarations.**

The grantee of a tenant in common of the entire tract of land before the institution of proceedings to partition them is not a privy to such proceedings or estopped by the judgment therein; and where he has entered under his deed and claims title by adverse possession, the acts or declarations of the parties to the proceedings cannot affect his rights.

CLARK, C. J., and ALLEN, J., concur in the result.

PARTITION PROCEEDING begun before the Clerk of the Superior Court of RICHMOND. The defendant, Mrs. Mae Hinson, pleaded sole seisin. Whereupon the cause was transferred to term and tried July, 1918, before *Adams, J.,* upon these issues:

1. Was the deed from A. W. Porter to Mae Hinson Porter executed, delivered, and recorded prior to 28 April, 1914? Answer: "Yes."

2. Are the plaintiffs, or any of them, estopped by reason of the action and judgment in the Superior Court of Wake County? Answer: "Yes."

3. Have Mae Hinson Porter and those under whom she claims been in the open, adverse, and exclusive possession of the land in controversy for twenty years before the commencement of this action under known and visible lines and boundaries? Answer: "Yes."

4. Are the plaintiffs, or any of them, tenants in common with Mae Hinson Porter of the lands described in the complaint? Answer: "No."

From the judgment rendered plaintiffs appealed.

*A. R. McPhail, John G. Mills, and James S. Manning for plaintiff. W. R. Jones and Stack & Parker for defendants.*

BROWN, J. It is useless to consider any assignments of error except such as relate to the third issue, for if that finding stands the plea of sole seisin interposed by Mrs. Mae Hinson Porter must be sustained.

The evidence discloses that David Gill owned the land in controversy and lived on it in 1865. He then removed to Wake County. His son, Henry P. Gill, then took possession and remained on the land until his death in 1896. On 29 May, 1896, immediately preceding his death, he conveyed the entire tract of land to Daniel M. Morrison, who took possession and there remained until he conveyed the land to John P. Cameron and John M. Smith on 10 February, 1901. They entered and held possession until they sold to C. V. Williams and A. W. Porter, conveying to each separate parts of the land. A. W. Porter took and held possession of his part, being the land in controversy, until he conveyed to his wife, Mae Hinson Porter, on 2 July, 1913. She has been in possession from then until the trial.

The judge correctly instructed the jury that the statute of limitations did not begin to run until 29 May, 1896, when Henry P. Gill conveyed the entire tract to Morrison, who then entered and claimed the land as his own.

The contention that the deed from Henry P. Gill to Morrison purports to convey only the interest of a tenant in common owned by the grantor cannot be maintained. The deed purports to convey the entire tract of land in fee simple and with full covenants of warranty. No matter what was the legal effect of the trust deed of 1882, the deed from

H. P. Gill to Morrison constitutes good color of title to the entire tract described in it. When Morrison entered into possession under that deed, claiming the whole of the land, the statute began to run against the trustee, D. D. Gill.

Assuming that the possession of H. P. Gill was not adverse to the other children of David Gill, the possession of Morrison and those claiming under him has been adverse for more than twenty years up to 16 January, 1917, when the defendant Mae Hinson Porter was made a party to this proceeding.

It is true, as contended, that A. W. Porter, John P. Cameron, and others were adjudged to be tenants in common of this land with plaintiffs, but no such adjudication was made against Mrs. Porter. She was not a party to the action and is in no manner bound by the decree. The plaintiffs contend that if Mrs. Porter relies upon the possession of her husband, she can tack it to hers only in the character it had been adjudicated to be. This is true if she had purchased from her husband pending the action, but he was not in possession when that action was begun on 28 April, 1914. The record shows that he had conveyed to Mrs. Porter by deed recorded 2 April, 1914. By operation of law, the tenants on the land became her tenants on that date, and from thence she became entitled to the rents. Her possession then became adverse to all the world, including her grantor. *Barrett v. Brewer,* 153 N. C., 552.

Mrs. Porter obtained her title and possession by "purchase" on 2d April, 1914, and the suit entered against A. W. Porter on 28 April, 1914, was against one who had neither title nor possession; and any answer filed in that suit by A. W. Porter, or any statements or conduct of his in that case cannot affect the title of his grantee. Any declaration or acts of A. W. Porter after the delivery of his deed were incompetent against Mrs. Porter in disparagement of her title or her possession. *Ward v. Saunders,* 28 N. C., 382; *Hodge v. Spicer,* 79 N. C., 223; *Headen v. Womack,* 88 N. C., 468; *Grandin v. Triplett,* 173 N. C., 732.

There is a marked distinction between this case and *Locklear v. Bullard,* 133 N. C., 264, relied on by plaintiffs, in that A. W. Porter was not a tenant in common in possession. He had parted with title and possession prior to the commencement of the action against him. Mrs. Porter was not in any sense a privy to that action because she acquired both title and possession prior to its commencement. A privy to a judgment is one whose succession to the rights of property affected occurs after the institution of the suit and from a party to it. Bigelow on Estop., p. 142.

The cases cited by counsel for plaintiffs would be in point if the deed from Porter to his wife had been executed after 28 April, 1914, when the action against the husband was commenced.

The charge of the court as to what constitutes adverse possession is strictly correct and need not be commented on as it follows almost *verbatim* the language of this Court in *Locklear v. Savage,* 159 N. C., 236, and quoted with approval in *McCaskill v. Lumber Co.,* 169 N. C., 24.

No error.