D. E. ADDERHOLT v. IDA C. LOWMAN ET AL.

(Filed 12 May, 1920.)

1. **Tenants in Common—Deeds and Conveyances—Feme Covert—Privy Examination—Statutes—Attorneys in Fact.**

Where a conveyance of land is made under a power of attorney sufficient in form by the heirs at law of a deceased owner of land, as tenants in common, but one of them, a *feme covert,* at the time, had not had her privy examination taken under the provisions of Rev., 952, both the power

of attorney and the deed predicated and dependent upon it are ineffective to convey her interest, and she holds as a tenant in common with the purchaser, or those who may have acquired title under his deed.

**2. Tenants in Common—Adverse Possession—Sale—Proceeds—Limitation of Action.**

As between tenants in common, occupation and sole appropriation of the proceeds of real property by one or more of the tenants will not alone ripen title as against the other cotenants for any period short of twenty years.

**3. Tenants in Common— Entry— Possession— Presumptions— Ouster— Deeds and Conveyances.**

The distinctive and controlling feature of a tenancy in common is unity of possession, each tenant having a right thereto in the whole and every part of the property, and any one of them entering into possession is presumed to do so in pursuance of their rightful claim for themselves and all of their cotenants, and while there may be circumstances constituting an actual ouster, he may not change the nature of this occupancy by a mere declaration to that effect, or by a deed purporting to convey the whole property.

**4. Same—"Color of Title"—Limitation of Actions.**

Where a grantee enters into possession of lands under a deed in sufficient form from one having power of attorney from tenants in common therein to make the conveyance, except that one of these tenants in common was a married woman whose privy examination had not been taken, her deed is not such ouster as will put in motion the statute of limitation, for it will not break the unity of possession, and the grantee's claim of title by seven years adverse possession under color of his deed is defective, not from the lack of "color," but from the character of his possession. The rule applying where allotment has been made in the lands to tenants in common under a judgment decreeing a sale for division, etc., distinguished.

CIVIL ACTION to remove a cloud on title, heard and determined on case agreed before *Harding, J.,* at November Term, 1919, of CALDWELL.

From the facts presented, it appears that the land in controversy was owned by James Corpening, deceased, and that, in 1898, his five children and heirs at law executed a power of attorney to C. A. Little as attorney in fact, authorizing said Little to sell and convey the property; that on 12 December, 1899, said C. A. Little sold and conveyed the property by deed sufficient in form to pass the fee-simple title to one W. D. Joblin, and the ownership and title so conveyed has been acquired, and is now held by plaintiff, and that plaintiff and those under whom he claims have been in continuous possession of the property, claiming to own the same, from the date of said deed to Joblin in December, 1899; that the power of attorney referred to was in all respects sufficient in form to authorize a conveyance of said property, and was duly executed by the children and heirs at law of James Corpening, deceased, save and except that one of said children, Bettie Sudderth, was at the time *feme covert;*

her privy examination was never taken as to the due execution of the instrument; that said Bettie Sudderth became discovert by the death of her husband, C. M. Sudderth, on 30 May, 1912, and she herself died in January, 1916, leaving defendants as her heirs at law, and who claim as such the ownership of her one-fifth interest in the property, except three-fiftieth of the same, the holders of which failed to make answer. On these facts the question at issue between the parties, as presented in the case agreed and in the argument, is whether the title to Bettie Sudderth's interest in the property had matured in plaintiff by more than seven years occupation under said deeds and power of attorney, claiming ownership, or whether an occupation of 20 years is required, occupation for this length of time not being shown.

There was judgment for defendant, and plaintiff excepted and appealed.

*Mark Squires for plaintiff.*
*Spainhour & Mull for defendant.*

HOKE, J.   The power of attorney upon which plaintiff chiefly rests his claim, in so far as it purports to affect the estate or interest of a *feme covert,* comes directly under the statute, Rev., 952, requiring that her privy examination be taken, and it appearing that, at the time of its execution, Bettie Sudderth, one of the children of James Corpening, deceased, and, as such, owning one-fifth interest in the property, was a married woman, and that her privy examination has never been taken, by the express provisions of the statute and various decisions construing the same, both power of attorney and the deeds predicated and dependent upon it are ineffective to convey her interest, the result being that Bettie Sudderth, and those claiming under her, are tenants in common with plaintiff, who holds the other four-fifths interest which passed by the deed to W. D. Joblin.   *Jackson v. Beard,* 162 N. C., 105; *Moore v. Johnson,* 162 N. C., 266.

This being the status of the title, as shown by the deeds affecting the question, it is the recognized principle that, "as between tenants in common, occupation and sole appropriation of the proceeds of real property by one or more of the tenants will not ripen title as against the other cotenants; without more, for any period short of 20 years." And it is uniformly held in this jurisdiction that the deed of one or more of them, purporting to convey the whole, will not of itself affect the position. *Boggan v. Somers,* 152 N. C., 390; *Clary v. Hatton,* 152 N. C., 107; *Dobbins v. Dobbins,* 141 N. C., 210; *Ward v. Farmer,* 92 N. C., 93; *Caldwell v. Neely,* 81 N. C., 114; *Covington v. Stewart,* 77 N. C., 148; *Cloud v. Webb,* 14 N. C., 317.

In *Caldwell v. Neely, supra,* the principle apposite, as it prevails with us, is stated as follows: "The ouster of one tenant in common will not

be presumed from an exclusive use of the common property and appropriation of its profits to himself for any period short of 20 years, and the result is not changed when one enters to whom a tenant in common has, by deed, attempted to convey the entire tract." True, we have held that the deed of a married woman, void for want of her privy examination, may suffice as color of title, *Norwood v. Totten,* 166 N. C., 648, but the defect in plaintiff's claim of entire ownership does not arise from lack of color, but from the character of his possession. The distinctive and controlling feature of a tenancy in common is unity of possession, each one having a right to possession in the whole and every part of the property. Plaintiff, being a tenant in common with defendants when he and those under whom he claims entered and occupied, they are presumed to have done so in pursuance of their rightful claim, for themselves and all of their cotenants, and while there may be circumstances constituting an actual ouster, they cannot, in this jurisdiction, change the nature of this occupancy by a mere declaration to that effect, nor by a deed from one purporting to convey the whole. In *Cloud v. Webb,* 14 N. C., 317, a case notable for the very able and learned discussion of the subject by the elder Winston, the position as it prevails with us is stated as follows: "Where four sisters were seized of a tract of land in coparcenary, and three of them, who were sole and of full age, conveyed their shares in fee, and the fourth, who was covert and an infant, joined with her husband in a deed conveying to the same vendee all their interest in the land, to which the *feme* was not privately examined, and the vendee remained in possession of the whole tract, and enjoyed all the rents and profits, without claim or demand, forty years, to the husband's death, and fifteen years after his death it was held that admitting the deed of the *feme covert* to be the color of title, the vendee and the *feme covert* were tenants in common, and that his possession was not adverse to her." And, in our opinion, the ruling is decisive for the defendants on the facts presented.

It may be well to note that the position is modified or a different rule obtains where, in proceedings for partitions, there is judgment purporting to allot to the tenants their respective shares, or where by judicial decree a sale is had for division and deed made purporting to convey to a purchaser the property in severalty; in such case, it is held that an entry and occupation for 7 years, in the assertion of ownership, will ripen the title. *Lumber Co. v. Cedar Works,* 165 N. C., 83; *Amis v. Stevens,* 111 N. C., 172, but such an effect is not allowed with us to a deed inter parties, in which case, as we have seen, an occupation for 20 years is required.

There is no error, and the judgment for defendant is
Affirmed.