N. E. BRADFORD v. BANK OF WARSAW.

(Filed 26 October, 1921.)

**1. Deeds and Conveyances—Principal and Agent—Repudiation of Agency —Title to Lands.**

Where defendant claims title to land because taken by plaintiff in his own name when, in fact, he was acting for defendant, to whom it should have been conveyed, but there is evidence that the defendant had repudiated such agency, the verdict of the jury in plaintiff's favor, under a correct instruction of the court, settles this question adversely to the defendant.

**2. Deeds—Tenants in Common—Limitations.**

To ripen title to lands under a deed from a tenant in common adverse possession for twenty years is necessary, and this applies to one to whom the alienee of a tenant has attempted to convey the entire estate. C. S., 430.

**3. Deeds and Conveyances—Registration—Color—Title—Common Source.**

An unregistered deed is not color of title when the parties to an action for the recovery of land are claiming under the same source.

**4. Deeds and Conveyances—Tenants in Common—Partition—Evidence— Instructions—Appeal and Error.**

The claim of title to the lands in controversy under a division thereof by tenants in common does not arise in the Supreme Court, on appeal, when

15—182

the trial judge has charged the jury, without exception taken, that there was no evidence to show a legal division between the tenants in common.

**5. Tenants in Common—Parol Division—Limitation of Actions—Adverse Possession.**

To bar the rights of a tenant in common to land under a parol division of the land, the possession must be adverse, open, and notorious, etc., for twenty years.

**6. Same—Deeds and Conveyances—Collection of Rents—Ouster.**

The deed of a tenant in common to his part of the land allotted to him under a parol agreement for a division, and the collection of rents by himself and those claiming under his deed, for less than twenty years, will not bar the other tenants in common, or those having acquired title under registered deeds, of their rights, and the statute as to seven years under "color" has no application.

HOKE, J., dissenting; WALKER, J., concurring in the dissenting opinion.

APPEAL by defendant from *Lyon, J.,* at April Term, 1921, of WAYNE.

This was a petition for sale for partition of a small lot in Goldsboro, and the defendant bank pleaded sole seisin. The jury responded to the issue that the plaintiff was owner of an undivided three-fifths interest in the premises, and from the judgment thereon the defendant appealed.

*D. H. Bland for plaintiff.*
*Stevens, Beasley & Stevens and Kenneth C. Royal for defendant.*

CLARK, C. J. The plaintiff and defendant claim under a common source of title, and the court so charged the jury, to which there was no exception. The defendant admits in its brief that Needham Kennedy was in possession of the land at the time of his death, and mentions his heirs by name. The plaintiff contends that he has shown a better title to the three-fifths interest in the land from this common source. *Mobley v. Griffin,* 104 N. C., 112. It is not denied that the defendant has a good title through the conveyances from the two daughters of their two-fifths interest in said lot.

The plaintiff put in evidence the deed to Needham Kennedy, dated 12 January, 1870, and registered in January, 1876, covering the property. It was in evidence that he died about 1905, leaving 5 children: Fannie Aldridge, Ida Darden, Bryant Kennedy, William Kennedy, and Levi Kennedy.

The plaintiff also put in evidence deeds to J. J. Ham from William Kennedy, Bryant Kennedy, and Levi Kennedy, each conveying their undivided interest in said lot, all of them dated 14 July, 1916, and registered in Wayne, 24 August, 1916, and a conveyance from J. J. Ham to plaintiff covering the grantors' rights as conveyed in the three above

deeds, dated 17 and registered 24 October, 1917. The plaintiff testified that the deeds covered the lot in question and that there is no evidence that Needham Kennedy left a will nor that his widow is living.

The defendant offered in evidence a deed from Fannie Aldridge and husband to her sister Ida Darden, dated 12 March, 1910, registered 22 March, 1912; and also a deed from William Kennedy to Ida Darden, 24 January, 1910, registered 12 April, 1921; and a mortgage, 21 March, 1910, from Ida Darden to Matthew Aldridge, 21 March, 1910, and registered the same day, and a deed dated 10 May, 1912, from M. W. Aldridge, mortgagee, to A. J. Brown, registered 11 June, 1912, and a deed dated 27 March, 1915, from Daisy Brown and J. D. Brown and wife, dated 27 March, 1915, and registered 1 May, 1916, all purporting to convey the entire interest. Said J. G. Brown and Daisy Brown were the only children of A. J. Brown, who died in 1913. Daisy Brown testified that the defendant Bank of Warsaw had a mortgage on this property and she and her brother made a deed to the bank in settlement of their father's debts.

The court charged the jury that it was agreed and admitted that both parties, the plaintiff and defendant, derived their title from Needham Kennedy, who owned the land. The court also charged the jury, in part: "There has been something said about a parol division of the land between the 5 children of Needham Kennedy. There has been no evidence in the opinion of the court offered to show that there has been a legal division of the land and the partition deeds that have been offered were only registered here this week, but the deed from Ham to the plaintiff was registered soon after its execution. You will remember the date of the deed and the date of its registration. It is the first deed that goes on record that covers the title."

The defendant also set up as a further defense that the plaintiff bought in the title of the three heirs under whom he claims while acting as agent for the bank in attempting to sell the land and that discovering what he supposed to be a defect in the title, he took a conveyance of the interests of the three heirs under whom he now claims. On this point the court charged the jury: "If you find from the evidence that. the plaintiff here bought this land from Ham and that Ham bought it from William, Bryant and Levi, and that at the time the plaintiff took his deed from Ham he was not the agent of the defendant Bank of Warsaw and was not acting for them, that they had repudiated the contract of purchase when the deed was made to him, and if you shall find that the deeds were made to Ham by these three parties and their wives and registered at the time the evidence tends to show that they were registered, the court charges you that the plaintiff would be entitled to recover whatever interest in this land these three parties—William, Bryant and

Levi—had and the court charges you that there being only 5 children they own three-fifths of the land. The court charges you that if he was the agent of the Bank of Warsaw, for getting the title, then the title would go to the Bank of Warsaw, but if you find that he was not its agent at the time you will answer the issue two-fifths or three-fifths, whatever you find it to be." To both of the above instructions the defendant excepted. There was voluminous evidence as to the alleged agency on both sides, and the plaintiff testified to the rupture of the agency, and the severance of a connection between them prior to the time that Ham acquired the title under which he claims.

The defendant also excepted that the court erred in refusing to charge the jury as follows: "If you find from the evidence that during the year 1910 Ida Darden received a deed to the premises in fee simple from Matthew Aldridge; and that the same was recorded in March, 1912; and if you still further believe from the evidence that the said Ida Darden executed a mortgage on the premises to Matthew Aldridge, and that the said mortgage was duly recorded in March, 1910; and that in May, 1912, the said Aldridge foreclosed and sold said property to A. J. Brown by deed duly recorded in June, 1912, and that in March, 1915, his heirs conveyed said premises to the Bank of Warsaw by deed recorded in May, 1916; and if you further believe that the said Ida Darden, the said A. J. Brown, and said J. G. Brown and Daisy Brown and the said Bank of Warsaw possessed the said property, either themselves or by their agents, under said deeds and conveyances for a period of more than 7 years before the commencement of this action, and that the said possession was open, notorious, continuous, adverse, and under claim or right of color of title, then it would be your duty to answer the issue "No.'"

This prayer for instruction was properly refused. The defendant claims under a mortgage recorded in March, 1910, and a deed on foreclosure thereof to A. J. Brown recorded in June, 1912, and under the deed to the defendant recorded in May, 1916. These were at most merely color of title and there was not 7 years possession thereunder prior to the conveyance registered in 1916 of the true title under which the plaintiff claims the three-fifths interest. It has been held in all our cases from *Cloud v. Webb,* 14 N. C., 317, down to *Gill v. Porter,* 176 N. C., 451, that 20 years adverse possession is required to vest the title between tenants in common. See cases collected under C. S., 430. And the same is true where one tenant in common attempts to convey the whole estate, *Alexander v. Cedar Works,* 177 N. C., 137.

The defendant put in evidence certain deeds of partition which were not registered until the trial. As to these deeds it is sufficient to quote from *Buchanan v. Hedden,* 169 N. C., 224: "The defendants did not

contend that they had been in adverse possession long enough to ripen their title without color and as the deed under which they claim title was not registered, and as both parties derived title from the same source, there was no color of title. *Janney v. Robbins,* 141 N. C., 406; *Gore v. McPherson,* 161 N. C., 638; *King v. McRackan,* 168 N. C., 621." The headnote to that case sums up the proposition correctly thus: "An unregistered deed is not color of title when the parties to an action for the recovery of land are claiming under the same source."

The only request to charge was, as above set out, that the defendant claiming title under a possession, beginning with the mortgage in 1910 by one tenant in common for 7 years had acquired title to the entire tract which was refused.

The defendant made no exception to the charge that there was "No evidence offered to show that there has been a legal division of the land," and hence the assignment of error on that ground, if there were anything in it, is not before us. The entire defense was stated in the refused prayer, except the issue as to the plaintiff being estopped by his alleged agency from the defendant "to cure its defect in title," which the jury negatived.

The defendant's sole claim of title is a conveyance by one of the daughters of her "interest" for $75 to her sister in 1910, and a later mortgage by the other daughter alleged to cover the entire tract (though the deed was not set out), and an alleged possession thereunder for 7 years under a conveyance to the purchaser under that mortgage and under another mortgage by said purchaser to the defendant· bank, and the release by the mortgagor to said bank, and collection of rents thereunder as a substitute for actual possession. This was certainly not good under our uniform decisions requiring not less than 20 years possession under a registered deed from one tenant in common (or his grantee) as against the conveyance of the title by the other three tenants in common of their three-fifths to the plaintiff registered in 1916.

The tract in question is a lot in "Negro Town," a suburb of Goldsboro, 42 feet by 210 feet, which was hardly capable of actual partition, and no adverse possession against the other three tenants in common (who were residing in another state) is shown by residence thereon of one tenant in common in 1910 and by a mortgage from her and payment of rent after foreclosure to the defendant bank.

A conveyance by one tenant in common, though duly registered and continuous, open, notorious, and adverse possession for less than 20 years under such registered deed would not bar the title of the other tenants. Certainly, therefore, the alleged oral conveyance by an oral partition (which the judge charged was not shown and the defendant did not

except), and possession beginning with a mortgage by one tenant, even though it might cover the whole tract, for 7 years cannot bar the other tenants and the plaintiff claiming under registered deed from them.

It would be an anomaly indeed if an alleged oral partition and the residence by one tenant in common on said lot and a chain of mortgages and the payment of rent to the defendant under a possession for 7 years—not even shown to be adverse—should give title to the defendant when nothing less than 20 years adverse possession would confer title, even under a registered deed, as against the other tenants and their grantee holding under a duly registered conveyance of their interest.

Where there is an oral partition, *20 years* possession, adverse and continuous, will bar, *Rhea v. Craig,* 141 N. C., 602, cited and approved in *Collier v. Paper Corporation,* 172 N. C., p. 74. This last case affirmed the ruling of Stacy, J., in the trial court below. In *Gilchrist v. Middleton,* 107 N. C., p. 681, it is said: "The sole reception of the profits of land by one tenant in common is not an ouster, and will raise no presumption of an ouster against his fellows until he has enjoyed the exclusive profits of such rents for 20 years, and the *grantee of a tenant in common,* though he may hold possession under a deed purporting to convey the whole, stands, in this respect, *precisely in the position of his grantor. Linker v. Benson,* 67 N. C., 150; *Caldwell v. Neely,* 81 N. C., 114; *Page v. Branch,* 97 N. C., 97." This has been cited since with approval in many cases, among them, *Hilton v. Gordon,* 177 N. C., 344.

Upon full consideration of all the exceptions, we find

No error.

Hoke, J., dissenting: I am unable to concur in the present disposition made of defendant's appeal. This, a proceeding in partition, is, in effect, an action to recover three-fifths interest in a lot in the city of Goldsboro under deeds from three of the children and heirs at law of Needham Kennedy, deceased, Bryant, Levy, and William, duly proven and registered in Wayne County, in July and August, 1916. The two other children and heirs at law being Fannie, wife of Matthew Aldridge, and Ida, wife of John Darden.

The action was instituted and the summons in the cause bears date 15 March, 1920, and defendant resists a recovery on allegations with evidence tending to show that at the time plaintiff acquired his deeds from these three Kennedy children he was in charge and control of the property as agent of the defendant, and the title relied on by him was obtained in fraud of defendant's rights and in breach of plaintiff's trust and duties as agent.

Second, that defendant and those under whom it claims have been in the open, exclusive, adverse, and continuous possession of said property, asserting title thereto for more than 7 years next before ·action brought.

The allegation and issue as to plaintiff's agency and breach of trust . was submitted to the jury and resolved against the defendant. On the position as to title by adverse possession, the court, in effect, ruled that on the entire evidence, a 7 years adverse possession was insufficient to mature title in defendants, but that 20 years is required for the purpose, to which ruling defendant excepted. There was judgment for plaintiff, and defendant appealed. On defendant's exception as to the statute of limitations the facts in evidence permit the inference if they do not require the finding.

"That Needham Kennedy died in 1898, owner and in possession of certain property, including that in dispute. He was survived by five children: Ida Darden, Fannie Aldridge, Levi Kennedy, Bryant Kennedy, and William Kennedy; and by a widow (the stepmother of the children), who died in 1908. After the death of the widow the children made arrangements for the division of the property, whereby William and Bryant (who lived in New. Jersey) were to receive money, and Ida, Fannie, and Levi were to divide the property, Ida to get the lot now in controversy (designated "A"), and Fannie and Levi to get other lots (designated "B" and "C," respectively).

Accordingly, on 17 June, 1909, Bryant conveyed "A" to Ida in fee; on 24 January, 1910, William also conveyed "A" to Ida in fee; and during 1910, Levi conveyed "A" to Ida in fee; the deeds from Bryant and William were probated and delivered on the dates named, but were not recorded until 12 April, 1921. The deed·from Levi was lost and never recorded. The arrangements were completed on 21 March, 1910, in the office of Col. A. C. Davis, an attorney and notary, by the exchange of the following deeds for the following property: from Fannie Aldridge and husband, Matthew Aldridge, to Ida Darden for "A"; from·Fannie and Matthew Aldridge to Levi Kennedy for "C"; and from Levi Kennedy and wife and Ida Darden and husband to Matthew Aldridge for "B." The deeds to "B" and "C" were immediately probated. All three parties had gone into possession of their respective lots after the death of the widow; and they remained in possession. Levi later sold his lot.

The deed for "A" from Fannie and husband to Ida was probated 22 March, 1912. To secure a sum due him, Ida gave Matthew Aldridge a mortgage on "A" dated and recorded 21 March, 1910. Ida received the rents from "A" from her stepmother's death until 20 May, 1912. On that day Matthew sold the property under mortgage to Capt. A. J. Brown, the deed being recorded 11 June, 1912.

Captain Brown, and after his death his heirs, received the rents of "A" from that date until 27 March, 1915. On that day the Brown heirs conveyed the lot to Bank of Warsaw, the defendant, by deed recorded 1 May, 1916. The bank has received the rent from the property from then until the present.

From these facts it appears that under a deed from Fannie Aldridge, made pursuant to the parol division of the estate, there has been continuous possession of the land in controversy, open, adverse, and in the assertion of ownership in Ida Darden and her grantees, including defendant, for eight years before this suit was entered.

Second, that Ida Darden, while in undisputed and exclusive possession, asserting title, executed a mortgage to Matthew Aldridge for the land in dispute, and the grantees of Aldridge possessed the land under the same for more than seven years before suit was entered.

Third, that Matthew Aldridge, said grantee, pursuant to powers in the deed, conveyed the land in dispute to A. J. Brown, and Brown and his descendants and grantees, including defendant, possessed the same in assertion of ownership for more than seven years before suit was entered.

Fourth, and it appears further that this occupation and possession in assertion of title by Ida Darden and her grantees under deeds purporting to convey the entire property in dispute was had in pursuance of a parol division of the real and personal property of Needham Kennedy in which the three grantors of plaintiff, children of Needham, took part, and that these three grantors, as early as 1910, had executed to Ida Darden deeds for the land in controversy, two of them not being registered, however, until 1921, and the other lost, and it is under these and a similar deed from Fannie Aldridge, the other daughter, and her grantees, that the possession and occupation of the defendants has been continually maintained.

It is very generally held that in case of tenants in common an occupation in assertion of ownership and sole reception of the rents and profits will not of itself mature a title in the occupant as against his cotenants for any period short of twenty years. It is said that after that period of time an ouster of the cotenants will be presumed, but no shorter time will suffice. *Adderholt v. Lowman,* 179 N. C., 547; *Dobbins v. Dobbins,* 141 N. C., 210. And in this jurisdiction it has been insistently held that the position is not affected because the occupation of one of the tenants is under a deed purporting to convey the entire property whether that deed is from one of the other cotenants or a stranger. *Boggan v. Somers,* 152 N. C., 390; *Clary v. Hatton,* 152 N. C., 107; *Caldwell v. Neely,* 81 N. C., 114; *Covington v. Stewart,* 77 N. C., 148; *Cloud v. Webb,* 14 N. C., 317.

As pointed out in *Roper Lumber Co. v. Richmond Cedar Works,* 165 N. C., 83, this position requiring 20 years occupation by one tenant in common under a deed conveying the entire interest has been carried very much further in this State than elsewhere, our decisions holding that the title of a cotenant will not be destroyed by occupation for any period short of 20 years, though the claimant may have known that the occupant was asserting sole ownership under a deed purporting to convey the entire property. But the ruling is fully established here, and we have no disposition to question it.

In all of these decisions, however, the tenant in common, occupant of the property, was endeavoring to assert title against a cotenant who had in no way acquiesced in or recognized the occupant's claim of sole ownership, and none of them, so far as examined, would uphold the position on the facts presented in this record, where the claimants have joined in a division of the property awarding the sole ownership to the tenant in possession and assuredly so where they have made deeds to such in recognition of the division as made.

The ruling involved in these North Carolina decisions, as shown, rests upon the position that an ouster will not be presumed against a tenant in common by mere occupation for any period short of twenty years, though such occupation is under color of title and to the knowledge of the claimant, but all the authorities here and elsewhere are to the effect that there may be an actual ouster of one tenant in common by another. *Mott v. Land Co.,* 146 N. C., 525-526, citing *Covington v. Stewart,* 77 N. C., 148; Tyler on Ejectment, p. 882. The test in such cases is whether the occupation of the tenant in possession, asserting title, has become hostile to cotenant, and both the reason of the thing and the authorities appertaining to the subject are to the effect that a conveyance of a grantor to a grantee and occupation in assertion of ownership under it will constitute a hostile holding. *Kirkman v. Holland,* 139 N. C., 185-189; *Trustees v. Bank of Asheville,* 101 N. C., 483. And it has been directly held that possession with assertion of ownership pursuant to a parol partition of land will amount to a disseizin and the occupation will be considered as hostile to the title of the others taking part therein. *Collier v. Paper Corporation,* 172 N. C., 74; *Boston & Worcester R. R. v. Sparhawk et al.,* 46 Mass., 469; *Russell v. Tenant,* 63 West Va., 623; *Justice et al. v. Lawson,* 46 West Va., 163.

True, in the North Carolina case referred to, the possession was for 20 years and more, but that was only ruled on in view of the ruling that a parol partition acquiesced in and acted on for 20 years becomes valid, and it was fully recognized that it created at the inception a possession hostile to the parties concerned and all others.

The court below seems to have been influenced by the consideration that the deeds pertinent to the question were not registered till after those of plaintiff, and that the parol partition was invalid, and this is referred to in the principle opinion as a reason for the decision. But neither the deeds nor the partition are relied on or referred to as controlling the title, but the question here is, What effect should they be allowed on the nature of defendant's occupation—did they show that the possession of Ida Darden and those claiming under her was hostile to the plaintiff, who has bought from the cotenants, and all of whom took part in the parol partition and have made deeds in recognition of the title of their sister under whose deed defendants claim and have had possession, asserting title for more than 7 years?

We are cited by counsel for appellees to *Janney v. Robbins,* 141 N. C., 406, and other cases to the effect that an unregistered deed is not to be considered color of title as against a claimant under a registered deed from same source—under the restricted facts there appearing the cases so hold; but, as we have endeavored to show, defendant here is not relying on these unregistered deeds either for title or for color. Defendant has color both under the deed from Matthew Aldridge and wife and from the mortgagee deed—under which it claims, and the unregistered deed of the three tenants as stated and referred to and relied on only as they may affect the character of defendant's possession and as showing that his occupation and claim of ownership was of a hostile character—assured and acquiesced in by plaintiff grantors, and so amounting to an ouster.

In my opinion, if the facts referred to and presented in the record are accepted by the jury, the defendant should be declared the sole owner, and for the error in refusing to submit this view of the case there should be a new trial of the issue.

WALKER, J., concurring in dissenting opinion.