## W. W. THARPE v. J. HOLCOMB.

(Decided April 17, 1900.)

*Tenants in Common—Quiet Possession—Presumption, How Rebutted—Adverse Possession—Duration—Statute of Limitation, Section 141, of The Code.*

1. The possession of one tenant in common is presumed to be the possession of all.

2. A quiet, undisturbed exclusive possession for twenty years by one tenant in common is necessary to bar his co-tenants.

3. An adverse possession by one tenant in common is indicated by a hostile attitude apparent to the Court or jury, from which it may be seen by some act done that the intent to hold alone is manifested to the co-tenants, as if they attempt to assert their claim, as to enter, or to demand an account of rents, etc., which is resisted by the occupant, his possession becomes adverse, and the statute (Code, sec. 141), begins to run, and if continued seven years, will ripen the title.

CIVIL ACTION for possession of land, tried before *Timberlake, J.,* at February Term, 1900, of IREDELL Superior Court.

The land had belonged to Elcana Elliott, who in 1873, devised it to his wife for life. At her death in November, 1882, Angeline Privett, one of the daughters of Elcana Elliott, and wife of Cader Privett, entered into possession, claiming the land as her own under the will of her father until her death in June, 1894. She and her husband had mortgaged the land in October, 1887, to J. S. Ramsey, to secure a debt—which mortgage was foreclosed by sale and deed made to the defendant, Holcomb, the purchaser, who took possession at her death in 1894.

The plaintiff claimed the land as purchaser at commissioner's sale ordered in a special proceeding instituted by heirs-at-law of Elcana Elliott for partition by sale, his deed being dated December 5, 1898.

The issues were:

1. Is the plaintiff the owner and entitled to this land as alleged?

2. Is the defendant in the wrongful possession of the land described in the complaint?

His Honor directed the jury, if they believed the evidence, to find the issues in the affirmative—which they did. The defendant excepted. Judgment for plaintiff. Appeal by defendant.

*Messrs. Armfield & Turner,* for appellant.
*Mr. L. C. Caldwell,* contra.

FAIRCLOTH, C. J. This is an action of ejectment, and the plaintiff and defendant are tenants in common of the land in controversy. The only material question to consider is whether the defendant has title by adverse possession under color of title by force of the seven-year statute, Code, sec. 141.

It is conceded that the defendant and those under whom he claims have been in continuous possession of the premises for more than seven years under color. Was the possession *adverse?*

The possession of one tenant in common is presumed to be the possession of all the tenants.

An adverse possession for twenty years by one tenant in common is necessary to bar his co-tenants. *Hicks v. Bullock,* 96 N. C., 164.

The evidence is that "Angeline (defendant's vendor) entered into possession of the land, claiming it as her own under the will of Elcana Elliott, * * * claiming it adversely to all others, claiming it as her own under said will." This proof shows only quiet, undisturbed possession, and that is not inconsistent with a holding for all the tenants

in common.   It does not indicate a hostile attitude of the occupant towards his co-tenants as contemplated by the statute, Code, sec. 141.   To that end, there must be some act done between the parties from which the jury or Court can see that a hostile relation exists—that the defendant's intent to hold alone is manifested to the co-tenants.   Then the statute begins to run.   If the co-tenants attempt to assert their claim, as to enter, or to demand an account for rents, etc., which is resisted by the occupant, then his possession becomes adverse, and, if it continue for seven years, his title will ripen against his co-tenants.   *Breeden v. McLaurin,* 98 N. C., 307.   This requirement is not met by the facts in the present case, and it follows that there is error.

The judgment might be reformed here if the record furnished the necessary information, but it does not; and a new trial is necessary in order that the proper parties may be made, and their rights and interests ascertained and declared.

New trial.  ·