J. C. STALLINGS, LLOYD PARKER, GEORGE PARKER, NANNIE WHITLEY AND HER HUSBAND, BUD WHITLEY, AND MRS. GEORGIA WHITLEY, v. H. C. KEETER.

(Filed 17 March, 1937.)

1. **Adverse Possession § 4a—Where heir, as tenant in common, takes possession under agreement with coheirs his possession is not adverse.**

　　The owner of land died intestate leaving a widow and four children as his sole heirs at law. One of the children went into possession and remained in possession for more than twenty years, until his death. Plaintiffs, a son and representatives of deceased children of the original owner, introduced evidence that the heir taking possession did so under an agreement that he should remain in possession during his lifetime and that he should care for and support his mother. *Held:* The heirs at law were tenants in common in the land, and, if the jury should find from the evidence that the one taking possession did so under the agreement, his possession would not be adverse to his cotenants or their legal representatives. C. S., 430.

2. **Deeds § 2a—**

　　Where there is competent evidence that at the time of the execution of the deed in question the grantor was without mental capacity to execute the deed, the granting of defendant grantee's motion to nonsuit is error, since, if the jury should find the issue in the affirmative, the deed is void and conveys no title or interest in the land.

APPEAL by plaintiffs from *Harris, J.,* at November Term, 1936, of HALIFAX. New trial.

This is an action to recover possession of a tract of land situate in Halifax County, North Carolina, and containing one hundred acres, more or less.

The facts shown by uncontradicted evidence at the trial are as follows:

Eldridge Stallings died intestate in Halifax County, North Carolina, during the year 1890. At his death he was seized in fee and in possession of the land described in the complaint. He left surviving him his widow, who died during the year 1900, and four children, as follows: (1) D. S. Stallings; (2) J. H. Stallings; (3) Mary Parker; and (4) J. C. Stallings.

D. S. Stallings is dead. He died intestate. The plaintiff Nannie Whitley is his only child and heir at law, and the plaintiff Georgia Whitley, who remarried after his death, is his widow.

J. H. Stallings is dead. He died intestate during the year 1935. He was never married.

Mary Parker is dead. She died intestate. The plaintiffs Lloyd Parker and George Parker are her only children and heirs at law.

J. C. Stallings is living. He is one of the plaintiffs in this action.

Shortly after the death of Eldridge Stallings, his son, J. H. Stallings, took possession of the land described in the complaint, and remained in possession of said land continuously until his death in 1935.

On 16 March, 1912, B. D. Mann, executor of W. F. Parker, conveyed the said land to J. H. Stallings by a deed which is duly recorded in the office of the register of deeds of Halifax County. At the date of the said deed, J. H. Stallings was in possession of said land and had been in possession of the same since shortly after the death of his father, Eldridge Stallings, in 1890.

Some time during the year 1921, J. H. Stallings conveyed the said land to the defendant H. C. Keeter by a deed which is duly recorded in the office of the register of deeds of Halifax County. In said deed, J. H. Stallings reserved an estate in said land to himself for his life. He remained in possession of said land until his death in 1935, when the defendant took possession of the same. The defendant is now in possession of the said land. This action was begun on 28 February, 1936.

The plaintiffs offered evidence tending to show that soon after the death of Eldridge Stallings, it was agreed by and between his three sons, D. S. Stallings, J. H. Stallings, and J. C. Stallings, and his daughter, Mary Parker, that J. H. Stallings should take possession of the land which had descended to them as heirs at law of Eldridge Stallings, deceased, and should remain in possession of the same during his lifetime, and that he should care for and support their mother, the widow of Eldridge Stallings, so long as she should live, and that pursuant to this agreement, the said J. H. Stallings took possession of said land and re-

mained in possession of the same until his death in 1935. No evidence was offered by the defendant tending to contradict this evidence.

The plaintiffs offered evidence tending to show further that at the date of the execution of the deed from J. H. Stallings to the defendant H. C. Keeter, during the year 1921, the said J. H. Stallings was without sufficient mental capacity to execute a deed, because of injuries to his head which he had suffered when he fell from a wagon. The defendant offered evidence to the contrary.

At the close of all the evidence, on motion of the defendant, aptly made under C. S., 567, the action was dismissed by judgment as of nonsuit. The plaintiffs appealed, assigning errors in the trial and in the judgment.

*E. L. Travis and J. B. Meyer for plaintiffs.*
*No counsel for defendant.*

CONNOR, J. There is error in the judgment dismissing this action.

At the death of Eldridge Stallings, intestate in 1890, the land described in the complaint descended to his three sons and his daughter, who, as his heirs at law, thus became the owners of said land as tenants in common.

At the date of the commencement of this action, the plaintiffs were heirs at law of Eldridge Stallings, deceased, then living, or representatives of such of his heirs at law as had died since his death. The plaintiffs are therefore the owners of the land described in the complaint as tenants in common, unless the defendant has acquired title to same by possession under the statute, C. S., 430, or unless the defendant has acquired title to the interest in said land of J. H. Stallings, under the deed of the said J. H. Stallings to the defendant.

The evidence for the plaintiffs tended to show that the possession of J. H. Stallings from 1890 to 1935 was not adverse to his cotenants, but was by virtue of an agreement between him and said cotenants.

If the jury shall so find, the possession of the defendant and those under whom he claims has not been sufficient to ripen title in him to said land, although such possession has been for more than twenty years. *Bradford v. Bank,* 182 N. C., 225, 108 S. E., 750; *Tharpe v. Holcombe,* 126 N. C., 365, 35 S. E., 608.; *Conkey v. Lumber Co.,* 126 N. C., 499, 36 S. E., 42. "An adverse possession for twenty years by one tenant in common is necessary to bar his cotenants." *Hicks v. Bullock,* 96 N. C., 164.

The evidence for the plaintiffs further tended to show that at the date of the execution of his deed to the defendant, J. H. Stallings was without mental capacity to execute a deed.

If the jury shall so find, the deed from J. H. Stallings to the defendant is void, and defendant acquired no title to said land or to any interest therein by virtue of said deed.

The judgment is reversed. The plaintiffs are entitled to a new trial. It is so ordered.

New trial.