Plaintiffs alleged that they were the owners of a tract of land described in the complaint, and that defendants were in the unlawful possession. Defendants denied plaintiffs' title, and the cause went to hearing upon the usual issues in actions for the recovery of real estate. For the purpose of showing title, plaintiffs offered to introduce a deed from William L. Allen to James H. Harris and wife bearing date 8 November, 1845. The certificate of probate on the deed was in the following words, to-wit:
Personally appeared before me, D. W. Bradsher, C. S.C., Joe Burch, who, being duly sworn, says that he claims title under a deed from William L. Allen to J. H. Harris, said deed being dated 8 November, 1845, and same hereto attached, and that the maker of said deed and the witness thereto are dead, and that he cannot make proof of their handwriting. HIS JOE X BURCH. MARK.
Sworn to and subscribed before me, this 15 November, 1905.
D. W. BRADSHER, C. S.C.
The annexed deed was this day proven before me by the affidavit of Joe Burch, hereto annexed. Therefore, let the said deed and affidavit, with this certificate, be registered.
Witness my hand, this 15 November, 1905.
Thereupon the Clerk adjudged the execution of the deed to be duly proven, and ordered it to registration, which was done 15 (526) November, 1905.
Defendants objected to the introduction of the deed for that its execution was not proven in accordance with the provisions of the statute, Revisal 1905, sec. 981. The objection was sustained. Plaintiffs excepted, and in deference to his Honor's ruling, "elected to take a nonsuit and appealed." Judgment of nonsuit was entered.
A single question is presented by the record: Was the deed properly proven? Prior to the Act of 1885, ch. 147, where the grantor and witnesses to a deed were dead, the statute required satisfactory proof of the handwriting of the witness, and, if there was no subscribing witness, then proof of the handwriting of the grantor. Code of 1883, ch. 27, sec. 1246, subsec. 10. When the act requiring the registration of deeds, Laws, 1885, ch. 147, was passed to enable persons holding old deeds, the grantor and witnesses to which were dead, to more easily have them probated, it was enacted (sec. 2) that persons holding unregistered deeds, executed prior to 1 January, 1855, could have the same registered by making affidavit that the grantor and witnesses were dead, or could not be found, and that such person could not make proof of their handwriting. This section was amended by the Act of 1905, ch. 277, which amendment was carried into sec. 981 of the Revisal, as follows: "Provided, that it shall also be made to appear by affidavit that affiant believes such deed to be a bona fide deed and executed by the grantor therein named."
The probate of the deed offered in evidence by the plaintiffs is defective in that it does not conform to the amended statute. It was the evident purpose of the Legislature to make this additional (527) prerequisite to the registration of a deed to which the grantor and witnesses were dead. We concur with his Honor's opinion that the deed was not properly probated under the amended statute and not entitled to registration.
Counsel for plaintiffs call to our attention a line of cases in which it is held that if the probate substantially conforms to the statute it is sufficient, and that the words found in the certificate, "he claims title under said deed," are sufficient.
In Young v. Jackson, 92 N.C. 144, Merrimon, J., says: "When the instrument is proven, and the probate is certified as prescribed by law, and it is registered in the proper county, the essential purpose of registration and the law is served, and this is sufficient, notwithstanding some of the non-essential yet helpful forms to be observed between the probate and registration of the instrument have been omitted. The Legislature certainly has power to make forms essential; but unless it shall do so in plain terms, the failure to observe them, especially where they appear from their nature or terms to be directory, will not be allowed to defeat the chief purpose of a salutary statute."
Conceding this to be the correct statement of the law, we think that the requirement that the person offering the deed for probate shall make affidavit that he "believes such deed to be a bona fide deed and *Page 419 
executed by the grantor therein named," is of the substance of the affidavit, and in view of the fact that it was inserted by way of amendment to the Act of 1885, it is evidence that the Legislature intended that it be given effect. We cannot disregard so essential a requirement. It is well settled and conceded that the registration had upon an unauthorized probate is invalid. Todd v. Outlaw, 79 N.C. 235;Turner v. Connelly, 105 N.C. 65; Lance v. Tainter, 137 N.C. 249, and many other cases. While it is true that an unregistered deed may be introduced for the purpose of showing color of title, (528) it is evident that plaintiffs did not offer this deed for that purpose. They regarded it as an essential link in their chain of title, and it is so alleged in their answer, wherein notice was given plaintiffs that defendants would insist that the probate was defective.
The plaintiffs, in accordance with the well-settled practice, and to prevent an estoppel upon them in a future action, submitted to a nonsuit in order that his Honor's ruling might be reviewed. Upon a proper probate being had, the deed, if properly registered, would be competent in another action.
The judgment of his Honor must be
Affirmed.
Cited: Wood v. Lewey, 153 N.C. 402.