B. W. MOTT et al. v. CAROLINA LAND AND LUMBER COMPANY.

(Filed 19 February, 1908).

1. Executors and Administrators—Tenants in Common—Possession.
    The husband of one of the heirs at law having qualified as administrator and entered upon the lands of his intestate, legally holds possession as agent for the heirs at law, though there is evidence that he entered thereupon in the right of his wife as a cotenant.

2. Same—Tenants in Common—Adverse Possession—Burden of
    Proof.
    The burden of proof is upon defendants relying thereupon to show that they, or those under whom they claim title, have been in adverse possession of the lands in controversy for twenty years; and when such possession of an administrator, or cotenant in common, is relied upon, they must show an actual ouster by him, or a presumption thereof from a holding adverse to the heirs at law, or a nonrecognition of the rights of the other cotenants.

SPECIAL PROCEEDING for partition, brought before the Clerk and transferred upon issues to the Superior Court of CURRITUCK County, and heard before *O. H. Allen, J.,* and a jury, at Fall Term, 1907.

Judgment for petitioners, and defendant appealed.

The facts sufficiently appear in the opinion of the Court.

*Aydlett & Ehringhaus* and *J. B. Leigh* for plaintiffs.

*Pruden & Pruden, Shepherd & Shepherd* and *J. Heywood Sawyer* for defendant.

CLARK, C. J. This was a special proceeding for partition. The defendant pleaded sole seizin, and the cause was transferred to the Superior Court at term for trial. John Cox died, in 1853, owner of the land in controversy, which descended to his five children as heirs at law. The land consisted of nine tracts, mostly woodland, there being some clearing on two tracts only. W. C. Mercer, who was the husband of one of the heirs, entered into possession and qualified as administrator. There was evidence that he entered in right of his wife, and also that he rented out the land as administrator, though strictly legally this must be construed as an agency for the heirs at law. In 1868, in 1874, in 1882 and in 1883 said Mercer bought successively the shares of four of the heirs at law, who had increased in numbers, taking deeds therefor, thus recognizing the cotenancy. His possession up to 1883 was therefore the possession of his cotenants. *Bullin v. Hancock,* 138 N. C., 198; *Whitaker v. Jenkins, ib.,* 476; *Dobbins v. Dobbins,* 141 N. C., 217. In 1890 W. C. Mercer and wife conveyed the entire tract to Hathaway, who reconveyed to Mercer in 1894. In 1897 Mercer conveyed to Snider, under whom, through *mesne* conveyances, the defendant claims. Mercer being in possession, acknowledging the cotenancy by taking conveyances of four of the heirs, there was no ouster or disavowal of the cotenancy presumed, and there was no evidence thereof till his deed to Hathaway, in 1890. As this action was begun in 1906, there is adverse possession for only sixteen years. If there had been an ouster and adverse possession from 1883 to 1890, it would have ripened defendant's title. Revisal, sec. 384; *Covington v. Stewart,*

77 N. C., 148.   But there was no evidence to show this, and the court properly told the jury that the burden to make out twenty years' adverse possession was upon the defendant. This is true, whether an actual ouster is relied on or a presumption from nonpayment of rent or nonrecognition of the cotenant as such.

No Error.