HESTER W. FAUCETTE v. WILLIAM T. GRIFFIN, MARY B. MARTIN, CAROL I. OWENS AND PATRICK B. McGINNIS, III

No. 771SC142

(Filed 3 January 1978)

1. **Ejectment § 13.1; Trespass to Try Title § 2— superior title from common source—fitting description to land**

   In an action to remove cloud on title in which plaintiff claimed superior title from a common source, the trial court erred in granting summary judgment for plaintiff where plaintiff's evidence in support of the motion failed to fit the description in her chain of title to the land claimed and to show the land is embraced within the description.

2. **Husband and Wife § 5.1— 1935 conveyance by wife—absence of husband's joinder**

    A 1935 deed purporting to convey real property of a married woman without the written assent of her husband was void under constitutional provisions then in effect, and the deed was not validated by a subsequent statute, G.S. 39-7.1, purporting to validate deeds executed by married women prior to June 8, 1965 without the assent of their husbands.

3. **Estoppel § 1.1; Husband and Wife § 5.1— wife's conveyance without husband's joinder—divorce or husband's death—estoppel**

    While a married woman during coverture could deny the validity of a deed executed without the written assent of her husband, once the marriage relation was severed by the death of the husband or by divorce, the woman was estopped from recovering the land or defeating the title of her grantee or those in privity with him because of the lack of assent.

APPEAL by defendants from *Small, Judge.* Judgment entered 13 December 1976 in Superior Court, DARE County. Heard in the Court of Appeals 7 December 1977.

Civil action instituted by plaintiff to remove a cloud on title to real estate.

Plaintiff, Hester W. Faucette, in her complaint alleges sole ownership of a certain tract of land located in Dare County, North Carolina, and specifically described as follows:

> "That certain lot or parcel of land containing 20.50 acres, more or less, shown and designated as Lot No. 6 on the plot made by J. P. Tingle, Surveyor, bearing date of December 1, 1930, beginning at the shore of the Atlantic Ocean at the southeast corner of Lot No. 4 on said plot and running thence along the said ocean shore S 19° E 420 feet, thence West 2,250 feet to the southeast corner of Lot 5 on said plot, thence along the eastern boundary of said Lot No. 5 N 6° W 400 feet to the line of said Lot No. 4, and thence along the southern boundary of said Lot No. 4 East 2,160 feet to the ocean at the place of beginning, together with all the right, privileges and appurtenances thereunto belonging or in any wise appertaining."

Plaintiff's alleged title to the land described derives from the following deeds: (1) Deed dated 4 November 1964 from Beale J. Faucette to Beale J. Faucette and wife, Hester W. Faucette; (2) Deed dated 14 July 1942 from The First and Citizens National Bank of Elizabeth City to Beale J. Faucette; (3) Deed dated 15

March 1935 from Gladys Newbern Griggs to The First and Citizens National Bank of Elizabeth City.

Defendants claim title to the same tract of land pursuant to the following deeds: (1) Deed dated 17 August 1951 from E. S. Younce and wife, Daisy T. Younce, to Mary B. Martin (purporting to convey a portion of the above tract); (2) Deed dated 18 August 1951 from E. S. Younce and wife, Daisy T. Younce, to William T. Griffin (purporting to convey a portion of the above tract); (3) Deed dated 9 March 1953 from E. S. Younce and wife, Daisy T. Younce, to Lucille A. McGinnis (purporting to convey a portion of the above tract); (4) Deed dated 26 April 1951 from Harry McMullan, Jr., and wife, Neva W. McMullan, to E. S. Younce; (5) Deed dated 2 May 1950 from S. B. Baugham, Jr., to Harry McMullan, Jr.; (6) Deed dated 11 May 1949 from Gladys L. Matthews (formerly Gladys Griggs) and husband, Joseph A. Matthews, to S. B. Baugham, Jr.

Plaintiff alleges that she and the defendants "claim title to the parcel of land described . . . [above] from a common source and plaintiff has superior title to the said parcel from that common source." Plaintiff seeks a judgment declaring her to be the sole owner in fee simple of the land in controversy and setting aside the deeds constituting defendants' chain of title as a cloud on plaintiff's title.

The defendants filed an answer admitting that "plaintiff claims title to the disputed land from a common source with defendants" but denying that "plaintiff can legally connect with the common source by reason of a void instrument or instruments in her claimed chain of title." Defendants allege that "one of the instruments in the plaintiff's claimed or purported chain of title is void in that the husband of the purported feme grantor did not join in the execution of the conveyance when such joinder was required under . . . then existing law. . . ." Defendants in their counterclaim seek relief adjudging them to be the owners in fee simple of the land in issue and declaring the deeds constituting the plaintiff's chain of title to be a cloud on defendants' title.

Plaintiff filed a motion for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure, G.S. 1A-1. Plaintiff's motion was supported by the pleadings; the deposition of a land surveyor, David Cox, Jr.; the deposition of Hester W.

Faucette; exhibits consisting of surveyors' maps of the disputed property drawn in 1930 and 1959; exhibits consisting of an indenture executed on 24 June 1933 by Gladys Griggs and her husband, and The First and Citizens National Bank of Elizabeth City, and all deeds relevant to this action; plaintiff's requests and the responses to her requests for admissions; and plaintiff's interrogatories and the answers to her interrogatories. In opposition to plaintiff's motion the defendants filed a single affidavit stating that Gladys Newbern and Robert L. Griggs were married in 1929 and remained married during the year of 1935 and for several years thereafter.

The trial court granted the plaintiff's motion and entered summary judgment for plaintiff decreeing that plaintiff has superior title to the property described in the complaint and that "[t]he defendants have no right, title or interest in the aforesaid property." The defendants appealed.

*Leroy, Wells, Shaw, Hornthal, Riley & Shearin, by Dewey W. Wells and Norman W. Shearin, Jr., for the plaintiff appellee.*

*White, Hall, Mullen & Brumsey, by Gerald F. White, and Kellogg, White and Reeves, by John M. Martin, for the defendant appellants.*

HEDRICK, Judge.

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Rule 56(c). In an action to remove a cloud on title to real property the plaintiff assumes the burden of proving "a title good against the whole world or good against the defendant by estoppel." *Mobley v. Griffin*, 104 N.C. 112, 114 (1889). To sustain this burden upon a motion for summary judgment the plaintiff must present uncontroverted facts sufficient to establish superior title in himself by any of the methods enumerated in *Mobley v. Griffin, supra* at 115. In this action plaintiff attempted to connect the defendant with a common source of title, and show in herself a superior title from that source. "To so establish . . . [her] title, plaintiffs must not only trace title to a common source, but . . . [she] must trace title to

the land in controversy to that source. [Citations omitted.] The plaintiffs must fit the descriptions in their chain of title and in the defendant's chain of title to the land claimed and show that the land claimed is embraced within their respective descriptions. [Citations omitted.]" *Allen v. Hunting Club*, 14 N.C. App. 697, 700, 189 S.E. 2d 532, 534 (1972); *see also Cutts v. Casey*, 278 N.C. 390, 180 S.E. 2d 297 (1971).

[1] Defendants contend, and we agree, that the record before the trial judge did not connect plaintiff's title to the land in dispute to the common source because none of the evidence offered in support of the motion for summary judgment established the fact that the land purportedly conveyed by Gladys Griggs to The First and Citizens National Bank on 15 March 1935 was the same property described in plaintiff's chain of title, the complaint, and the defendants' chain of title. The property is described in that deed as: "All of the right, title and interest of the said Gladys Newbern Griggs in and to all of the estate and property, real and personal, belonging to the late Dr. J. M. Newbern, deceased, at the time of his death (except that certain farm in Currituck County, known as the Court House Farm)." Defendants' admission that the parties claimed title to the disputed property from a common source falls short of fitting the property described in plaintiff's chain of title to the description in the deed from Gladys Griggs to the bank. The materiality of this issue of fact is obvious.

[2] Defendants also contend that plaintiff cannot connect her title to the common source because the deed from Gladys Griggs to The First and Citizens National Bank of Elizabeth City, dated 15 March 1935, is void since it does not bear her husband's assent. According to constitutional provisions in effect in 1935, a deed purporting to convey real property of a married woman without the written assent of her husband was "inoperative as a deed and conveys nothing." *Buford v. Mochy*, 224 N.C. 235, 239, 29 S.E. 2d 729, 732 (1944). *See also Cruthis v. Steele*, 259 N.C. 701, 131 S.E. 2d 344 (1963); *Harrell v. Powell*, 251 N.C. 636, 112 S.E. 2d 81 (1960); Webster, Real Estate Law in North Carolina, § 382(f)(1) (1971). Plaintiff argues that such deeds have been validated by G.S. 39-7.1, which provides: "No conveyance, . . . or other instrument affecting the estate, right or title of any married woman in lands, tenements or hereditaments which was executed by such married woman prior to June 8, 1965, shall be invalid for the

reason that the instrument was not also executed by the husband of such married woman." However, in *Mansour v. Rabil,* 277 N.C. 364, 376, 177 S.E. 2d 849, 857 (1970), Justice Moore in discussing a similar curative statute (G.S. 39-13.1 purporting to validate all deeds executed prior to 7 February 1945 by married women who had not been privately examined) stated that "[a] void contract cannot be validated by a subsequent act, and the Legislature has no power to pass acts affecting vested rights." *See also Booth v. Hairston,* 193 N.C. 278, 136 S.E. 879 (1927).

[3] On the other hand, certain established principles of estoppel might be applicable to the facts of this case. It is true that during coverture a married woman could deny the validity of a deed executed without the assent of her husband. However, once the marriage relation was severed by the death of the husband or divorce a woman was estopped from "recover[ing] the land or defeat[ing] the title of her grantee, or those in privity with him" because of the lack of assent. *Cruthis v. Steele, supra* at 703, 131 S.E. 2d at 346; *Harrell v. Powell, supra; Buford v. Mochy, supra.*

The issue of the marital status of Gladys Griggs at the time she executed the deed to The First and Citizens National Bank and thereafter until she executed the deed to S. B. Baugham, Jr., dated 11 May 1949, is squarely raised by the evidence offered in support of and in opposition to the motion for summary judgment. The materiality of this issue to the ultimate disposition of the claims of the parties is demonstrated by the principles of law set out above.

Because the evidence relevant to the issues raised by the pleadings has not been fully developed, and all the issues of material fact necessary to a resolution of the dispute between the parties has not been determined, we have purposely not elaborated on or applied all of the legal principles discussed in the parties' briefs. We have pointed out some of the principles of law which may be significant in the final disposition of the cause only to demonstrate the materiality of some of the facts in controversy. To do more at this stage of the proceeding would serve no useful purpose.

We hold the record before us presents genuine issues of material fact for trial, and the court erred in entering summary judgment for plaintiff. The judgment appealed from is reversed

and the cause is remanded to the Superior Court of Dare County for further proceedings.

Reversed and remanded.

Judges MORRIS and ARNOLD concur.