HI-FORT, INC., A CORPORATION, PETITIONER v. MRS. EDDIS BURNETTE, WIDOW; STELLA BURNETTE; JESSIE BURNETTE; RUTH BURNETTE; JANE BURNETTE, DAUGHTER OF EDDIS BURNETTE, DECEASED; JOYCE BURNETTE; LESTER DAVIS; BILL BARNES; RALPH LAWS; DILLARD BARNES; CHARLIE SUMMERS; MRS. VERLIN BURNETTE; MARY BURNETTE, WIDOW; VERLIN BURNETTE; AMERICA BURNETTE, WIDOW; GRADE BURNETTE; DON BURNETTE; FRED B. BURNETTE; ED BURNETTE; LIZZIE DAVIS; RUTH BARNES; GLADYS LAWS; BAINER BARNES; LEXIE SUMMERS, ON BEHALF OF THEMSELVES AND ALL OTHER PARTIES IN INTEREST IN THE SUBJECT MATTER; RESPONDENTS, JACK BURNETTE AND WIFE, JOYCE BURNETTE; JOYCE B. HAIRE AND HUSBAND, JESSE HAIRE; TED BURNETTE AND WIFE, RUTH BURNETTE; ANN B. MOSS AND HUSBAND, MELVIN MOSS; CHERRY BEARD AND HUSBAND, DANIEL BEARD; MARTHA BURNETTE; EDNA BELCHER AND HUSBAND, MAYWOOD BELCHER; KANSAS ELSIE AMMONS; VIOLET SCHOOLFIELD AND HUSBAND, JACK SCHOOLFIELD; ELIZABETH BADEN AND HUSBAND, WILLIAM BADEN; WILLIAM BADEN, EXECUTOR OF THE ESTATE OF MAE AMMONS; CLYDE BURNETTE; MARY JOHNSON AND HUSBAND, N. O. JOHNSON; JAY BURNETTE AND WIFE, RUTH BURNETTE; AND CLINT BURNETTE AND WIFE, EMMA BURNETTE, ADDITIONAL RESPONDENTS

No. 7830SC716

(Filed 31 July 1979)

1. **Deeds § 6.1; Registration § 5— improperly acknowledged deed—admissibility against party claiming by descent**

    An improperly acknowledged and registered deed was not inadmissible in a partition proceeding against a party claiming an interest in the land by descent, since an heir is not a purchaser for value entitled to the protection of the recording act. G.S. 47-18.

2. **Partition § 1— location of property on ground not necessary**

    Location of the property in question on the ground was not necessary in this partition proceeding since petitioner did not seek to show superior title to respondent but only to establish its status as a tenant in common by showing a chain of title into itself, and petitioner did not challenge respondent's status as cotenant.

3. **Adverse Possession §§ 7, 9 — tenant in common — widow with dower interest — presumption of ouster of cotenant or heirs**

   A tenant in common or a widow with a dower interest will not be presumed to have ousted a cotenant or deceased's heirs by sole possession of the property for 20 years where the tenant or widow in possession has recognized the cotenancy or the rights of deceased's heirs.

PETITIONER appeals from *Martin (Harry C.), Judge.* Judgment entered 22 March 1978 in Superior Court, SWAIN County. Heard in the Court of Appeals 25 April 1979.

Hi-Fort, Inc., instituted this action 12 November 1969 in the form of a petition to partition certain land situated in Swain County and commonly known as the "Burnette Property". Petitioner Hi-Fort, Inc., claimed to be entitled to the partition as a tenant in common of the land through mesne conveyances from certain heirs of J. E. "Babe" Burnette. Petitioner claims a 169/264 undivided interest in the approximately 300-acre tract. The respondents answered averring that Jay Burnette, through whom Hi-Fort, Inc., had received its interest in the property, had obtained quitclaim deeds from Elsie Ammons, Jack and Violet Schoolfield, Mae A. Ammons, Mr. and Mrs. V. R. Burnette, and Mrs. N. O. Johnson by false and fraudulent representations that the land was in danger of being sold for unpaid taxes with the intent to defraud the grantors and obtain their interest in the land for nothing. Respondents further allege that Jay Burnette and petitioner conspired to convey to the petitioner his interest with the purpose of cutting off respondent's defenses by allowing petitioner to claim to be an innocent purchaser for value without notice.

Mary Burnette and other originally named respondents filed an amended answer praying that the remaining heirs of J. E. "Babe" Burnette be made additional respondents to this action. Mary Burnette is the widow of Fred Burnette, one of eight children of J. E. "Babe" Burnette, and is the mother of 11 Burnette children. Mary Burnette claims by adverse possession sole seisin in the land in question. She alleges that the deeds purportedly conveying certain undivided interests in the property constitute a cloud on her title, and she prays that the cloud be removed. The action was transferred to the civil issue docket of the superior court. Thereafter, default judgments were entered

against all original and additional respondents, except for those who joined in the prayer for relief with Mary Burnette, leaving only the claim of Hi-Fort, Inc., standing adverse to the claim of Mary Burnette as sole owner of the property in question.

Upon trial without a jury, the court dismissed petitioner's action at the conclusion of its evidence and dismissed respondent's counterclaim at the conclusion of all the evidence. From the entry of judgment in conformity with these rulings, the petitioner appeals. Respondent, Mary Burnette, cross-appeals.

Other facts necessary for this decision are set forth in the opinion below.

*McKeever, Edwards, Davis & Hays, by George P. Davis, Jr. and Fred H. Moody, Jr., for petitioner appellant.*

*Herbert L. Hyde and G. Edison Hill for respondent appellee.*

MORRIS, Chief Judge.

### Petitioner's Appeal

Petitioner offered evidence intended to prove, by a superior chain of title, its alleged 169/264 undivided interest as tenant in common in the Burnette property. Petitioner's first assignment of error is directed to the trial court's exclusion of Petitioner's Exhibits Nos. 4 and 5. Exhibit No. 4, the ultimate link in the chain of title to petitioner, is the deed from Jay Burnette et ux, Ruth Burnette to Hi-Fort, Inc., recorded in Book 90, at page 373, Swain County Registry. Exhibit No. 5 is an option given by Jay Burnette and wife to Hi-Fort, Inc., to purchase all of their right, title, and interest in the Burnette property. Geneva T. Welch notarized the deed. Maggie Warren, Register of Deeds of Swain County, ordered the deed registered. The option was witnessed by Johnnie Fortner, notarized by Geneva T. Welch, and ordered registered by Maggie M. Warren. Each of these individuals is named in the articles of incorporation as incorporators of Hi-Fort, Inc.

The respondent presented evidence with respect to the admissibility of Exhibits Nos. 4 and 5. Jay Burnette was called by respondents and testified on direct examination by the respondent that neither he nor his wife acknowledged their signatures

on the deed before a notary public. He said on cross-examination that the deed was signed at the law office of Stedman Hines. He testified that he does not remember that Mr. Hines' secretary was present, although he admits she could have been, and that she could have been a notary public. Jay Burnette was questioned with respect to an affidavit purportedly acknowledged by him which stated that he signed the deed with no notary public present while at Johnnie Fortner's house. Jay Burnette denied making that statement. The trial court thereafter excluded from evidence Exhibits Nos. 4 and 5. The record does not indicate the basis for respondent's objection or the trial court's ruling. Nevertheless, because the documents were excluded after respondent elicited testimony from the grantor that he had not signed the deed in the presence of a notary public, the basis for the ruling appears to be the improper acknowledgment and probate of the deed.

[1] It is well settled in this State that the "registration of an improperly acknowledged or defectively probated deed imports no constructive notice, and the deed will be treated as if unregistered." *Supply Co. v. Nations*, 259 N.C. 681, 131 S.E. 2d 425 (1963). There is sufficient evidence in the record to indicate that the deed was not properly acknowledged in that the grantors did not actually appear before the notary public as recited on the face of the deed. An acknowledgment before an appropriate officer is a prerequisite to the valid registration of a deed or any other instrument presented for recordation. G.S. 47-17. Furthermore, in *Allen v. Burch*, 142 N.C. 525, 55 S.E. 354 (1906), it was held that the registration of an improperly acknowledged deed was invalid and the deed, therefore, not admissible in evidence to prove an essential link in the record chain.

The petitioner is praying for partition in kind of the real estate pursuant to G.S. 46-3. The introduction of the documents to establish its record chain of title was to establish its status as a tenant in common, a foundation upon which the right to partition is based, *Smith v. Smith*, 248 N.C. 194, 102 S.E. 2d 868 (1958); *Thomas v. Garvan*, 15 N.C. 223 (1833), and to rebut, in anticipation, Mary Burnette's claim of sole seisin in the Burnette property. Petitioner was not claiming title adversely to that of a lien creditor or purchaser for valuable consideration and, therefore, as between it and Mary Burnette, proper registration of the deed

is not required. North Carolina's recording act, G.S. 47-18, protects only creditors of the grantor, bargainor, or lessor, and purchasers for value, against an unregistered conveyance of land. *See Durham v. Pollard,* 219 N.C. 750, 14 S.E. 2d 818 (1941). The same reasoning which prevents a party from introducing into evidence against a lien creditor or purchaser for value a deed invalidly registered (*see McClure v. Crow,* 196 N.C. 657, 146 S.E. 713 (1929); *Allen v. Burch, supra*) does not apply to exclude an invalidly registered deed introduced against a party claiming interest to the land by descent. An heir is not a purchaser for value entitled to the protection of the recording act. *Bowden v. Bowden,* 264 N.C. 296, 141 S.E. 2d 621 (1965); *see generally* 8 Thompson on Real Property § 4312 (1963 Replacement).

Respondent, nevertheless, argues a further basis for excluding the documents. She contends that there was no authentication of either document shown in the record, because there was no certificate and official seal of the Register of Deeds appearing on the document as required by G.S. 1A-1, Rule 44(a) and G.S. 8-18. To the contrary, however, the certification of the Register of Deeds of Swain County clearly appears upon the face of the documents.

The parties also argue in their briefs with respect to the effect upon the validity of the deed from Jay Burnette and wife to Hi-Fort, Inc., of the fact that it was notarized and thereafter registered by persons who were connected in some capacity with Hi-Fort, Inc. *See* G.S. 47-14 and G.S. 10-5. However, because there is no evidence of their capacity on the date in question, we do not consider the arguments of counsel on this point.

Petitioner also assigns error to the exclusion of Exhibits Nos. 26, 27, 28, and 29. Exhibit No. 26 is the original option to purchase given by Jay Burnette and wife, to Hi-Fort, Inc. Exhibit No. 27 is the original deed from Jay Burnette and wife to Hi-Fort, Inc., including a re-acknowledgment and re-registration of that deed dated 7 March 1978. Exhibit No. 28 is a quitclaim deed from Jay Burnette and wife to Hi-Fort, Inc. and dated 6 March 1978 executed only by Jay Burnette. Exhibit No. 29 is a "deed of confirmation" likewise executed only by Jay Burnette. They were properly certified by the Register of Deeds and offered into evidence. Again, we see no valid basis for the exclusion of these documents. We decline to consider the effect of their admission, if

any, on the default judgment entered in this action against certain heirs of J. E. Burnette, because the date and scope of that judgment do not appear of record.

[2]  Petitioner has assigned error to the trial court's finding that petitioner failed to locate on the ground the property in question. Insofar as this finding suggests that such proof was necessary, we must sustain the assignment of error. The location of the property and its boundaries are not in issue in this case. Both petitioner and respondent claim an undivided interest in the same described realty.[1] Although respondent, by her counterclaim, seeks to remove an alleged cloud on her title, petitioner does not seek to show superior title to respondents but only to establish its status as tenant in common by showing a chain of title into itself. Petitioner does not challenge respondent's status as cotenant. *Faucette v. Griffin*, 35 N.C. App. 7, 239 S.E. 2d 712 (1978), *cert. denied*, 294 N.C. 736, 244 S.E. 2d 154 (1978), cited by respondent, is not applicable. Petitioner is not seeking to quiet title to his property as against respondent or the whole world. *See also Mobley v. Griffin*, 104 N.C. 112, 10 S.E. 142 (1889).

Because we find that the errors discussed above will require a new trial for petitioner, we do not discuss petitioner's remaining assignments of error. Those errors, if errors at all, are not likely to recur upon retrial of petitioner's action.

## Respondent's Appeal

[3]  Respondent excepts to the ruling and conclusion of the trial court that she had failed as a matter of law to establish in herself, as against the petitioner, adverse possession in the property in question. She contends that the trial court's findings that "she did openly, notoriously and exclusively possess the lands described in her counterclaim" and that "she took the rents and profits from the lands described in her counterclaim from 1929 to 1969 and that she made no accounting to any person for the same" were sufficient to raise a presumption of ouster, ouster being necessary to establish adverse possession as between cotenants. The doc-

---

1. Although there is no reference to any deed in the petition itself, it is apparent from petitioner's proof that the description in the petition was intended to describe the same 300-acre tract conveyed to J. E. Burnette by deed of record in Book 20, at page 348, Swain County Registry, to which deed respondent referred in her counterclaim. We note that the description in the petition, apparently due to a clerical error in transposing the description onto the petition, does not contain a portion of the description contained in the deed which petitioner introduced into evidence. The portion omitted included two calls. Should the ends of justice so require, petitioner might desire to seek to amend the petition prior to any further proceedings in this matter. *See* G.S. 1A-1, Rule 15.

trine of presumptive ouster or constructive ouster was first explained in *Thomas v. Garvan,* 15 N.C. 223 (1833):

> "The sole enjoyment of the property by one of the tenants is not of itself an ouster, for his possession will be understood to be in conformity with right, and the possession of one tenant in common, as such, is in law the possession of all the tenants in common. But the sole enjoyment of property for a greater number of years, without claim from another, having right and under no disability to assert it, becomes evidence of a title to such sole enjoyment; and this not because it clearly proves the acquisition of such a right, but because from the antiquity of the transaction, clear proof cannot well be obtained to ascertain the truth, and public policy forbids a possessor to be disturbed by stale claims when the testimony to meet them cannot easily be had. Where the law prescribed no specific bar from length of time, twenty years have been regarded in this country as constituting the period for a legal presumption of such facts as will sanction the possession and protect the possessor." *Id.* at 225. *See also, Dobbins v. Dobbins,* 141 N.C. 210, 53 S.E. 870 (1906); *Collier v. Welker,* 19 N.C. App. 617, 199 S.E. 2d 691 (1973).

However, in order for the presumption to arise, it appears further that the sole possession for 20 years must have continued without any acknowledgment on the possessor's part of title in his cotenant. *Covington v. Stewart,* 77 N.C. 148 (1877). The presumption of ouster, therefore, is distinguishable from "actual ouster", requiring acts distinctly hostile and intended to exclude cotenants. It has been suggested that some later cases fail to maintain the distinction between presumptive ouster and actual ouster by requiring that "possession must be exclusive and under a claim of right with no recognition of [the cotenant's] rights continuing for twenty years," in order to raise the presumption of ouster. *See Annot.,* 82 A.L.R. 2d 5, 141 (1962); *Woodlief v. Woodlief,* 136 N.C. 133, 48 S.E. 583 (1904). It is, nevertheless, unnecessary to resolve this supposed conflict. Petitioner argues that the presumption cannot arise because the respondent herself specifically testified: "I never intended to claim this land to the exclusion of my children", and that, "I never intended to claim this land to the exclusion of Babe Burnette's heirs." Although petitioner cites no authority, his contention is correct. The presumption of ouster

Hi-Fort, Inc. v. Burnette

will not arise where the cotenancy has been recognized by the party claiming adversely to the cotenant. *See generally* 82 A.L.R. 2d at 144. The rule was specifically recognized in *Mott v. Land Co.*, 146 N.C. 525, 60 S.E. 423 (1908), where the party claiming adversely was found to have recognized the cotenancy by, in previous years, having bought four shares of the property from the heirs of the party through whom all were claiming title.

We note that prior to the entry of default judgment against certain named heirs of J. E. Burnette, including certain heirs through whom petitioner claims title, and during the period of the alleged ouster, Mary Burnette's interest in the real property in question apparently consisted of a dower interest in her deceased husband's intestate share of the J. E. Burnette property. The implications of Mary Burnette's status as possessor of a dower interest has not been addressed by the parties with respect to her ability to possess adversely to the heirs of J. E. Burnette, and more specifically, her ability to hold adversely to the heirs of her deceased husband, through one of whom petitioner claims its interest. Nevertheless, the principles with respect to a dowress' necessity of showing ouster are substantially similar to those applying to tenants in common. *See Graves v. Causey*, 170 N.C. 175, 86 S.E. 1030 (1915). Therefore, we see no necessity for disturbing the ruling of the trial court on these grounds.

We conclude that the respondent's evidence failed to produce facts sufficient to establish adverse possession. Therefore, the trial court properly dismissed respondent's counterclaim.

Affirmed in part, reversed in part.

Judges HEDRICK and WEBB concur.