MARGIE E. SHEETS v. CLIFFORD B. SHEETS, J. B. SHAVER AND WIFE, DARE M. SHAVER, AND B. A. SHAVER

No. 8123SC934

(Filed 18 May 1982)

**Adverse Possession § 7— tenant in common—no constructive ouster of cotenants**

A tenant in common did not constructively oust her cotenants by paying past due taxes on the property in 1939 or by using the property without paying rents or profits to the cotenants where she recognized the cotenancy in 1971 by buying a share in the property from a cotenant.

APPEAL by respondents Shaver from *Long, Judge.* Judgment signed 3 April 1981 in Superior Court, WILKES County. Heard in the Court of Appeals 26 April 1982.

The subject matter of this litigation is an eighty-two-acre tract of land, known as the Movield (Moveal) Mountain property, located in Wilkes County, North Carolina, owned at one time by Alfred Reeves. Mr. Reeves died intestate and the property devolved to his five sons, Everette, Goye, Eugene, Oscar, and Jesse. Jesse died in 1947, at which time his interest in the property went to his wife, Annie Mae Dancy Reeves. In 1971 Annie Reeves purchased Oscar's interest through his widow, Myrtle. By deed dated 29 May 1973, Annie Mae Dancy Reeves conveyed "all of her right, title and interest in and to the Movield Mountain property" to Clifford B. and Margie E. Sheets.

Everette, Goye, and Eugene Reeves left Wilkes County before 1930. In 1971 they conveyed their interests in the property to respondents Shaver.

Clifford Sheets entered into a separation agreement with his wife, Margie Sheets, in July of 1977, the terms of which included the payment of $9,000 to Margie Sheets, to be paid "from the proceeds of the sale of an eighty-two (82) acre tract of land" located in Wilkes County. Margie Sheets filed a petition for a partition sale of the property on 30 August 1978. The petition alleged that the respective interests of the parties were:

Margie Sheets—one-fifth undivided interest;

Clifford Sheets—one-fifth undivided interest, subject to a lien in favor of Margie Sheets as provided in the separation agreement;

J. B. Shaver and wife—three-tenths undivided interest;

B. A. Shaver—three-tenths undivided interest.

Clifford Sheets answered, alleging that he and his wife were the sole owners of the subject property. Upon appeal from an order of the clerk finding contrary to respondent Sheets on the issue of ownership, the superior court judge found, *inter alia,* that:

1. On 31 August 1937, summons was issued and complaint filed in the action of *Wilkes County v. Reeves Heirs* for failure of the heirs to pay the ad valorem taxes on the eighty-two-acre tract.

2. Annie Mae Reeves paid the past-due taxes and was assigned a certificate of sale of real estate for taxes for the years 1929-39.

3. Annie Mae Reeves continued to pay taxes on the property until the conveyance to Clifford and Margie Sheets.

4. At various times between 1939 and 1971, Annie Mae Reeves planted crops on a portion of the arable land, occasionally rented small portions of the land for sharecropping, and allowed her sons to cut and remove timber on at least one occasion.

5. Annie Mae Reeves neither paid rents nor gave profits to Everette, Goye, Eugene, or Oscar Reeves. Nor was demand made for the same.

Based on the foregoing, the court concluded that:

2. On 20 February 1939 Annie Mae Reeves constructively ousted Everette Reeves, Oscar Reeves, Eugene Reeves and Goye Reeves from said property by paying in its entirety past due taxes, foreclosure fees, penalties and interest for a period of ten (10) years on said property in order to protect and preserve title to said property.

. . . .

4. That Everette Reeves, Oscar Reeves, Goye Reeves and the heirs of Eugene Reeves were barred by the twenty (20) year Statute of Limitations to any interest in the locus in quo and that the Respondents J. B. Shaver and wife, Dare M. Shaver and B. A. Shaver receive[d] no interest in the 82 acre

Moveal Mountain land as a result of instruments executed by Everette Reeves, Goye Reeves and the heirs of Eugene Reeves in 1971.

The court ordered a partition of the property by judicial sale. Respondents Shaver appealed.

*W. G. Mitchell for respondents Shaver.*

*George G. Cunningham for respondents Sheets.*

MARTIN (Harry C.), Judge.

Our courts have, on numerous occasions, applied the law of constructive ouster. *See Dobbins v. Dobbins,* 141 N.C. 210, 53 S.E. 870 (1906); *Thomas v. Garvin,* 15 N.C. 223 (1833); *Collier v. Welker,* 19 N.C. App. 617, 199 S.E. 2d 691 (1973). The rule has been criticized as penalizing a cotenant out of possession for "sleeping on his rights," when under the traditional rules of adverse possession, cotenants share a special fiduciary relationship virtually precluding adverse possession by any other means.[1]

On the facts before us, however, we need not consider the potential problems and inconsistencies raised by our court-adopted rule of constructive ouster. Nor is it necessary to discuss appellants' evidentiary questions. This case falls squarely under the rule enunciated in *Mott v. Land Co.,* 146 N.C. 525, 60 S.E. 423 (1908), as applied in *Hi-Fort, Inc. v. Burnette,* 42 N.C. App. 428, 257 S.E. 2d 85 (1979).

*Hi-Fort* states that "where the party claiming adversely was found to have recognized the cotenancy by, in previous years, having bought . . . shares of the property from the heirs of the

---

1. See *Real Property—Adverse Possession Between Tenants in Common and the Rule of Presumptive Ouster,* 10 Wake Forest L. Rev. 300 (1974). A cotenant in possession is encouraged to deal with his fellow tenants in a less than open and honest manner. Knowing that the tenant out of possession has been lulled into believing that actual ouster is necessary, the tenant in possession need only fail to account for rents and profits and avoid open, notorious and hostile acts calculated to put his fellow tenants on notice. After twenty years of sole possession, he may claim the land as his own. The policy behind the rule, as originally stated by Lord Mansfield in *Fishar v. Prosser,* 98 Eng. Rep. 1052 (K.B. 1774), seems somewhat illogical. If undisturbed and quiet possession for twenty years is sufficient to presume actual ouster, the rule requiring actual ouster plus twenty years of open, continuous, exclusive and notorious possession has no meaning.

party through whom all were claiming title," the presumption of ouster will not arise. 42 N.C. App. at 435, 257 S.E. 2d at 90. The record here discloses that in 1971 Annie Mae Reeves recognized the cotenancy when she bought a one-fifth share in the property from Myrtle Reeves.

Reversed.

Chief Judge MORRIS and Judge CLARK concur.