LUDIE E. ELLIS (WIDOW), ROSA D. ELLIS (WIDOW), JONAH B. ELLIS, JR. AND WIFE, JOAN ELLIS, GROVER C. ELLIS AND WIFE, MILDRED ELLIS, JOSEPHINE E. HALES AND HUSBAND, JAMES HALES, KATHERINE E. BASS (UNMARRIED), LONNIE O. ELLIS AND WIFE, MARY W. ELLIS, ET AL. v. HAZEL ELLIS POE AND HUSBAND, J. D. POE, PEARL T. ELLIS (WIDOW), JACK DEMPSEY ELLIS AND WIFE, ANNIE M. ELLIS, HAZEL ELLIS JONES (WIDOW), GEORGE D. ELLIS (SINGLE), MARGARET ELLIS (SINGLE), HILDA E. JACOBS AND HUSBAND, WINSTON JACOBS, AND LUETTA T. ELLIS (WIDOW)

No. 8414SC324

(Filed 5 March 1985)

### Adverse Possession § 7— presumption of ouster of cotenants

The ouster necessary to establish title by adverse possession was presumed upon respondents' showing that one tenant in common possessed the land in question and took all of the rents and profits from the land for over twenty years without any acknowledgment on his part of title in his cotenants and without any demand having been made upon him for a share of the rents, profits or possession, and petitioners failed to rebut this presumption with evidence of a demand or claim for a share of the rents, profits or possession or an acknowledgment of the cotenancy by the one who had possession within the requisite period of time.

APPEAL by respondents from *Lee, Judge*. Judgment entered 6 December 1983 in Superior Court, DURHAM County. Heard in the Court of Appeals 28 November 1984.

On 21 October 1982, petitioners, several of the heirs of Buren Ellis, Sr., filed this special proceeding seeking a partition of the real property of Buren Ellis, Sr., who died intestate on 5 September 1940. Respondents, other heirs of Buren Ellis, Sr., filed a response in which they alleged *inter alia*, that respondent Pearl T. Ellis owned the property by reason of adverse possession of the property for more than twenty years. Respondents also moved for summary judgment. Upon the raising of a defense, the proceeding was transferred to the trial division pursuant to G.S. 1-399. After reviewing the forecasts of evidence, the superior court denied respondents' motion for summary judgment, entered summary judgment for petitioners, and remanded the case to the clerk of superior court for a determination of whether or not a partition should be ordered. Respondents appeal.

*Glenn and Bentley, by Robert B. Glenn, Jr. and John E. Markham, Jr., for petitioner appellees.*

*Clayton, Myrick & McClanahan, by Robert D. McClanahan, for respondent appellants.*

JOHNSON, Judge.

The following undisputed facts are gleaned from the petition, response, affidavits, interrogatories, request for admissions and exhibits:

On 5 September 1940, Buren Ellis, Sr. died intestate, survived by eight children, including petitioner Ludie E. Ellis and Napoleon Ellis. At the time of his death, Buren Ellis, Sr. owned a seventy-five acre tract of land located in Mangum Township, Durham County, North Carolina. This tract of land allegedly had been conveyed by deed to Napoleon Ellis by Buren Ellis, Sr. but no deed was ever recorded in the Durham County Registry and no such deed appears in the record before us. Consequently, the land passed to the heirs of Buren Ellis, Sr. by intestate succession.

Prior to and following his father's death, Napoleon Ellis resided on the subject property, along with his brother Buren Ellis, Jr. and his brother Buren's wife, respondent Pearl T. Ellis, until his death on 23 February 1982. Napoleon Ellis died testate, leaving all of his interest in the subject property to Pearl T. Ellis. From at least 1943 until his death, Napoleon Ellis farmed the subject property, paid or caused to be paid all property taxes on the land, kept all of the rents and profits from the land, and made all repairs and improvements on the land. At no time up to the institution of this proceeding were any demands made upon Napoleon Ellis or Pearl T. Ellis for an accounting or a share of the rents or profits.

Until late 1971, the petitioners and respondents thought that Napoleon Ellis owned the property. In that year, however, petitioner Grover Ellis, while conducting a title search preparatory to purchasing a four acre portion of the property from his uncle Napoleon, discovered that the tract had never been conveyed of record to Napoleon. In order to assure clear title to the tract he sought to purchase, Grover obtained the signatures of all of the

cotenants who might claim an interest in the land to a quitclaim deed in which they quitclaimed any interest they had in the four acre tract to Napoleon Ellis. The signers stated in the quitclaim deed that Buren Ellis, Sr. had sold the land to Napoleon but a deed had never been prepared or recorded in the Durham County Registry, that they wanted to correct that "error of omission," and that they claimed no right, title or interest in the land. Napoleon subsequently executed a deed conveying the four acre tract to Grover. Two years later Napoleon conveyed outright, by deed, another four acre tract to Grover. On that occasion, no quitclaim deed from the other cotenants was obtained.

Respondents contend they were entitled to judgment as a matter of law based upon the doctrine of constructive or presumptive ouster, which has been followed by our courts. Under this doctrine, the ouster necessary to establish title by adverse possession is presumed if a tenant in common and those under whom he claims have been in sole and undisturbed possession and use of land for more than twenty years without any acknowledgment on his part of title in his cotenants and without any demand or claim by the other cotenants to rents, profits or possession. J. Webster, Webster's Real Estate Law in North Carolina, sec. 301 (Hetrick rev. ed. 1981); *Brewer v. Brewer*, 238 N.C. 607, 78 S.E. 2d 719 (1953). Once the tenant in common has possessed the land for the requisite twenty year period, the ouster relates back to the initial date of taking of possession. *Collier v. Welker*, 19 N.C. App. 617, 621, 199 S.E. 2d 691, 695 (1973). Moreover, the exclusive possession of the property for the requisite twenty year period supplies all of the elements necessary for supporting a finding of adverse possession, including the elements of notice and hostility. *Id.* The purpose of the doctrine is to prevent stale demands and to protect possessors from the loss of evidence due to lapse of time. *Dobbins v. Dobbins*, 141 N.C. 210, 53 S.E. 870 (1906).

The law, therefore, presumed an ouster upon respondents' showing that Napoleon Ellis possessed the land and took all of the rents and profits from the land for over twenty years without any acknowledgment on his part of title in his cotenants and without any demand having been made upon him for a share of the rents, profits or possession. It was then up to petitioners to rebut this presumption by showing a demand or claim for a share of the

Ellis v. Poe

rents, profits or possession or an acknowledgment of the cotenancy by Napoleon. We find no such rebutting evidence within the requisite period of time.

Petitioners submit that Napoleon acknowledged the cotenancy when he joined in the quitclaim deed. The forecast of evidence, however, only indicates that Grover Ellis, on his own initiative, obtained the signatures of all the other cotenants, excluding Napoleon, to the quitclaim deed. The forecast of evidence does not show that Napoleon was made aware of the alleged cotenancy. Indeed, two years later, without seeking the joinder of any cotenants, Napoleon conveyed outright another four acre tract to Grover Ellis. This outright conveyance tends to indicate that he did not acknowledge the cotenancy two years earlier. Hence, unlike *Hi-Fort, Inc. v. Burnette*, 42 N.C. App. 428, 257 S.E. 2d 85 (1979) and *Sheets v. Sheets*, 57 N.C. App. 336, 291 S.E. 2d 300, *disc. rev. denied*, 306 N.C. 559, 294 S.E. 2d 371 (1982), there was no express or active acknowledgment of a cotenancy by the possessor, Napoleon Ellis. Further, the events surrounding execution of these conveyances occurred several years after the requisite twenty year period had expired, and in no event did these actions constitute an acknowledgment of cotenancy by Napoleon Ellis. The ouster thus had already occurred, having taken effect as of the initial date of Napoleon's taking of possession. *Collier v. Welker, supra.*

Having made an unrebutted showing of constructive ouster, respondents were entitled to summary judgment. The judgment of the trial court is thus reversed and the cause remanded for the entry of a judgment in accordance with this opinion.

Reversed and remanded.

Judges WHICHARD and EAGLES concur.