JAMES L. HERBERT AND WIFE, MINNIE Q. HERBERT v. VIVIAN H. BABSON
AND HUSBAND, WINFORD BABSON; NELDA C. HERBERT; AND HENRY
COY HERBERT

No. 846SC677

(Filed 7 May 1985)

**1. Adverse Possession § 7— cotenants—actual ouster—insufficient evidence**

There was not enough evidence to submit actual ouster of plaintiff
cotenants to the jury where defendants entered the premises more than thirty
years prior to the filing of this petition, went into possession of the house and
lot, used it exclusively for their family, made substantial improvements to the
house, and paid no rent on the property. During this time, there was a
presumption that defendant Vivian Babson was holding for her cotenants.

**2. Adverse Possession § 7— cotenants—no presumption of constructive ouster**

The presumption of constructive ouster did not arise, and there was insuf-
ficient evidence to submit respondents' claim of adverse possession to the jury,
where the property was listed for taxes in the name of the "heirs of Henry
Herbert" which includes all the tenants in common, and taxes and insurance
premiums were paid by all the tenants in common. The presumption of con-
structive ouster arising from sole and undisturbed possession and use by one
tenant in common for twenty years without any demand for rents, profits or
possession by the cotenants does not arise if the tenant in possession does
anything to recognize the title of the cotenants.

APPEAL by petitioners from *Reid, Judge.* Judgment entered
16 March 1984 in Superior Court, HALIFAX County. Heard in the
Court of Appeals 12 February 1985.

This appeal involves a petition for a sale for partition by
alleged tenants in common. The petitioners alleged they are ten-
ants in common with the respondents as to a certain tract of land
in Halifax County. Respondents Vivian H. Babson and Winford
Babson filed an answer in which they alleged that they had ac-
quired title to the property by adverse possession. They also
alleged they had made improvements to the property in the
amount of $22,070.00. The Babsons prayed that the Court declare
the title to the property was vested in them or in the alternative
that they be awarded $22,070.00 out of the proceeds from the sale
for improvements to the property.

The case was tried by a jury. The evidence showed that
Henry Herbert, the father of James L. Herbert, H. Marvin Her-
bert, Vivian H. Babson and Martha Frances H. Hux, died intes-

tate in 1952. He was survived by his widow Katherine Keaton Herbert and his four children. Henry Herbert owned several tracts of real estate including a house and lot which is the subject of this dispute. The Babsons lived in the house prior to the time of Henry Herbert's death and continued to live in it until this proceeding was filed. Henry Herbert also owned a farm which James L. Herbert and H. Marvin Herbert operated from the death of their father until the death of H. Marvin Herbert in 1979. The two brothers paid rent for the farm into an account for the "Heirs of Henry Herbert." Taxes and insurance were paid from this account on the property owned by the heirs of Henry Herbert including the taxes and insurance on the house and lot occupied by the Babsons.

After the death of H. Marvin Herbert, James L. Herbert operated the farm. Taxes and insurance on the farm and the house and lot involved in this case were paid from the "Heirs of Henry Herbert" account with H. Marvin Herbert's widow Nelda C. Herbert and his son Henry Coy Herbert receiving a share of the rent. In 1980 the house and lot were first listed for town taxes in the appellee's name and the appellees paid the town taxes. In 1980 the appellees began paying the insurance on the house. In September 1982 Martha Frances H. Hux conveyed her interest in the property to James L. Herbert. At that time Katherine Keaton Herbert conveyed her dower interest to her three living children and the heirs of her deceased son.

The appellees offered evidence as to repairs and improvements they had made on the house. They testified that Henry Herbert gave them the house and lot before he died but no deed to them has been recorded. They have never paid rent on the house and lot.

The petitioners moved for a directed verdict on the respondents' adverse possession claim which was denied. The jury returned a verdict in favor of the Babsons on the adverse possession claim and the Court entered a judgment that they have title to the property. The petitioners appealed.

*Josey, Josey, Hanudek and Jordan, by C. Kitchin Josey for petitioners appellants.*

*Hux, Livermon, and Armstrong by H. Lawrence Armstrong for respondents appellees Vivian H. Babson and Winford Babson.*

WEBB, Judge.

In making the motion for a directed verdict the appellants did not state the grounds therefor contrary to the requirement of G.S. 1A-1, Rule 50(a). It was obviously made on the ground of the insufficiency of the appellees' evidence. We shall consider the appeal on its merits. *See Collier v. Walker*, 19 N.C. App. 617, 199 S.E. 2d 691 (1973).

This case brings to the Court the question of adverse possession between tenants in common. This question has recurred in our courts for many years. A tenant in common can gain title against his cotenants by actual ouster followed by the requisite years of adverse possession. An actual ouster requires some clear, positive and unequivocal act equivalent to an open denial of the rights of the cotenants and putting them out of seisin. *See Watson v. Chilton*, 14 N.C. App. 7, 187 S.E. 2d 482 (1972). A tenant in common may also acquire the title of cotenants by constructive ouster. *See Brewer v. Brewer*, 238 N.C. 607, 78 S.E. 2d 85 (1979); *Dobbins v. Dobbins*, 141 N.C. 220, 53 S.E. 2d 870 (1906); *Casstevens v. Casstevens*, 63 N.C. App. 169, 304 S.E. 2d 623 (1983); *Sheets v. Sheets*, 57 N.C. App. 336, --- S.E. 2d --- (1982); *Collier v. Walker, supra* and Webster's Real Estate Law in North Carolina sec. 301, page 327. If a cotenant occupies the entire property for twenty years to the exclusion of a cotenant it is presumed there was an ouster at the time of the entry and it is presumed the action of the occupying cotenant during this period includes everything necessary to establish adverse possession. This rule has been criticized since the entry and possession of a tenant in common is presumed not to be adverse to the cotenants. If the occupation of the premises for twenty years gives rise to a presumption, as does the rule of presumptive or constructive ouster, that during the twenty year period the possession was adverse it has been said that this presents an anomaly. *See* "Adverse Possession between Tenants in Common and the Rule of Presumptive Ouster," 10 Wake Forest Law Review, page 300.

[1] The appellees argue that there was an actual ouster when they entered the premises more than thirty years prior to the filing of this proceeding. They contend that the evidence that they went into possession of the house and lot and used it exclusively for their family, that they made substantial improvements to the

house, and paid no rent on the property is evidence from which the jury could find the appellees had performed clear, positive and unequivocal acts which put the petitioners on notice more than twenty years before the petition was filed that the respondents claimed sole seisin to the house and lot. During this time there was a presumption that the respondent Vivian H. Babson was holding for her cotenants. We hold there was not enough evidence of an actual ouster to be submitted to the jury.

[2] The question of a constructive ouster presents a more difficult problem. If one tenant in common has been in sole and undisturbed possession and use of the property for twenty years, without any demand for rents, profits or possession by the cotenants, constructive ouster of the cotenants is presumed, and the ouster relates back to the initial taking of possession by the tenant in possession. *Collier v. Walker, supra.* However, if the tenant in possession does anything to recognize title of the cotenants during the twenty-year period, the presumption of ouster does not arise. *Mott v. Land Company,* 146 N.C. 525, 60 S.E. 423 (1908); *Sheets v. Sheets, supra; Hi-Fort, Inc. v. Burnette,* 42 N.C. App. 428, 257 S.E. 2d 85 (1979). We hold that the listing of the property for county taxes in the name of the "Heirs of Henry Herbert" which includes all tenants in common, and the payment of taxes and insurance premiums by all the tenants in common are acts sufficient to show recognition of the title of the petitioners by the respondent appellees so as to prevent the presumption of constructive ouster from arising. In the absence of such presumption, there was insufficient evidence to submit the respondents' claim to the property by adverse possession to the jury.

We hold there must be a new trial on the respondents' claim for the value of the improvements.

New trial.

Judges PHILLIPS and MARTIN concur.